STATE

v.

John KOLISCZ.

No. 93–421–C.A.

Supreme Court of Rhode Island.

Feb. 14, 1994.

OPINION

PER CURIAM.

This matter came before the Supreme Court on January 26, 1994, pursuant to an order directing both parties to appear and to show cause why this appeal should not be summarily denied and dismissed.

The defendant, John Koliscz (Koliscz), appeals from a Superior Court adjudication that he violated the terms of his probation. In 1989 Koliscz received a ten-year suspended sentence and ten years of probation for breaking and entering with intent to commit larceny. In 1992, the state filed a probation-revocation petition pursuant to Rule 32(f) of the Superior Court Rules of Criminal· Procedure based on defendant's plea of nolo contendere to charges of burglary and larceny in Connecticut. On June 17, 1993, a Superior Court justice found a probation violation and ordered defendant to serve eight years of his ten-year suspended sentence, with credit for time previously served.

The defendant's appeal challenges the Superior Court justice's finding that he violated the terms of his probation on the basis of the Connecticut offenses. He argues that his plea constituted an *Alford* plea, in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). He contends that such a plea did not constitute an admission of wrongdoing and therefore could not form the basis of an adjudication of a probation violation.

The state argues that defendant did not enter an *Alford* plea. The state also asserts

that, even if he had entered an *Alford* plea, his probation may be revoked on the basis of such a conviction.

The Superior Court justice concluded that an *Alford* plea could be inferred from the Connecticut proceedings. This court has stated, however, that when a defendant enters an *Alford* plea that is accepted by the court, such plea in a later judicial proceeding constitutes a conviction, regardless of the fact that the defendant maintains his or her innocence. *See State v. Mattatall*, 603 A.2d 1098, 1118 (R.I.), *cert. denied,* — U.S. —, 113 S.Ct. 117, 121 L.Ed.2d 74 (1992).

█ The prosecution must establish a violation of probation by reasonably satisfactory evidence. *In re Lamarine,* 527 A.2d 1133, 1135 (R.I.1987). This court's review is limited to determining whether the lower-court judge acted arbitrarily or capriciously in finding a violation. *Id.*

We conclude that the defendant has not shown that the Superior Court justice acted arbitrarily or capriciously in finding a violation of his probation.

Consequently, after hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.