Tom SHERON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9612–CR–782.

Court of Appeals of Indiana.

June 27, 1997.

Samuel C. Hasler, Hasler & Maynard, Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

ROBERTSON, Judge.

Tom Sheron appeals the revocation of his probation. The sole issue raised on appeal is Sheron's contention that the preponderance of the evidence standard prescribed by Ind. Code 35–38–2–3(c) for the revocation of probation fails to satisfy due process. Sheron requests this court to reverse and remand for a new revocation hearing requiring the State to establish the grounds for the revocation of his probation under the clear and convincing evidence standard. We affirm.

## FACTS

The relevant facts are undisputed. In 1993, Sheron was convicted of Dealing in Cocaine, a Class B felony, for which he received a sentence of ten years with seven years suspended. After having served the executed portion of his sentence, Sheron was released to probation. While on probation, Sheron committed several other crimes which resulted in multiple felony convictions after a trial by jury. In the present probation revocation proceedings, Sheron's probation was revoked on the basis of these new convictions. This appeal ensued.

## DECISION

■ Our supreme court has stated:

It is long established that 'a constitutional question unnecessary to a determination of the merits should not be decided.' This long-standing policy of judicial restraint is necessary to the proper determination of such important questions.... It therefore becomes 'the duty of the court not to enter upon the consideration of a constitutional question where the court can perceive another ground on which it may properly rest its decision.'

*Bureau of Motor Vehicles v. Scott,* 497 N.E.2d 557, 559 (Ind.1986) (Citations omitted). As a matter of jurisprudence, courts will not decide constitutional issues when a case can be decided on other grounds. *Town of Beverly Shores v. Bagnall,* 590 N.E.2d 1059, 1063 (Ind.1992).

■ In the present case, the revocation of Sheron's probation was based upon the State's uncontradicted and undisputed evidence that Sheron had been convicted, after a jury trial, of additional felonies. A criminal conviction established by proof beyond a reasonable doubt may appropriately be used to collaterally estop a defendant from relitigating the precise issue in subsequent proceedings. *Kimberlin v. DeLong,* 637 N.E.2d 121, 125 (Ind.1994), *cert. denied,* — U.S. —, 116 S.Ct. 98, 133 L.Ed.2d 53. Thus, the State's use of Sheron's criminal convictions to prove his probation violation collaterally estops Sheron from relitigating the issues dispositive to the probation revocation proceedings under a standard of proof more favorable to the State.

■ The present case may be disposed of without deciding Sheron's constitutional challenge.[1] Sheron has raised no reversible error.

Judgment affirmed.

BAKER, J., concurs.

CHEZEM, J., concurs in result.

---

1. Incidentally, the proposition that due process in probation revocation proceedings requires the clear and convincing standard 'has no support in the case law.' *United States. v. Hooker,* 993 F.2d 898, 900 (D.C.Cir.1993) (Citations omitted). In fact, due process is satisfied in probation revocation proceedings where the judge is "reasonably satisfied" that a violation has occurred, a standard less stringent than the preponderance of evidence standard. *Id.; United States v. Lettieri,* 910 F.2d 1067, 1068 (2d Cir.1990); *United States v. Torrez–Flores,* 624 F.2d 776, 782 (7th Cir. 1980).