Coleman WILLIAMS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 10A01–9801–CR–33.

Court of Appeals of Indiana.

June 17, 1998.

Jeffrey D. Stonebraker, Chief Public Defender, Jeffersonville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

MATTINGLY, Judge.

Coleman Williams appeals the revocation of his probation. A single issue is raised: whether the evidence was sufficient to support the trial court's decision to revoke his probation.

We affirm.

### FACTS

■ Williams was charged in 1994 with Conspiracy to Commit Dealing in Cocaine, Dealing in Cocaine, and Violation of the Controlled Substance Excise Tax. On July 19, 1994, Williams pleaded guilty to Dealing in Cocaine and received a ten-year sentence, with eight years suspended. On June ·26, 1997, the State filed its Fourth Amended Petition to Revoke Probation, alleging Williams had violated the terms of his probation by committing further criminal offenses, including Assault in the Fourth Degree.[1] The State presented certified documents from Jefferson Circuit Court in the Commonwealth of Kentucky showing that Williams had entered an *Alford* plea of guilty to Assault in the 4th Degree on January 24, 1997.[2]

### STANDARD OF REVIEW

■ The decision whether to grant probation is a matter within the sound discretion of the trial court. *Isaac v. State*, 605 N.E.2d 144, 146 (Ind.1992), *cert. denied*, 508 U.S. 922, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993). The court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.* Probation revocation

is governed by Ind.Code § 35–38–2–3. A revocation hearing is in the nature of a civil proceeding, so the alleged violation need be proven only by a preponderance of the evidence. *Id.* at 147. If there is substantial evidence of probative value to support the trial court's decision that the probationer is guilty of any violation, revocation of probation is appropriate. *King v. State*, 642 N.E.2d 1389, 1393 (Ind.Ct.App.1994).

### DECISION AND DISCUSSION

Williams contends evidence of his conviction after an *Alford* plea is insufficient to support the revocation of his probation, as Indiana has specifically declined to accept guilty pleas from defendants who claim to be innocent. *See Harshman v. State*, 232 Ind. 618, 621, 115 N.E.2d 501, 502 (1953); *See also Harris v. State*, 671 N.E.2d 864, 868 (Ind.Ct.App.1996).

Since there is no Indiana precedent as to whether a conviction after an *Alford* plea will support the revocation of probation, we are free to look at how other jurisdictions, specifically the one in which Williams entered his plea, treat *Alford* pleas. Under Kentucky law, an *Alford* plea is a guilty plea and clearly constitutes a conviction, the defendant's protestations of innocence notwithstanding. *Whalen v. Commonwealth*, 891 S.W.2d 86, 89 (Ky.Ct.App.1995). Kentucky courts have upheld using an *Alford* plea to support an enhanced sentence under Kentucky's persistent felony offender law. *Id.* Furthermore, the Supreme Court of Rhode Island has upheld a revocation of probation

---

1. The Fourth Amended Petition filed by the State also alleged Williams had violated the terms of his probation by testing positive for cocaine on drug screens administered on July 11, 1995 and July 31, 1995; by failing to complete a treatment program at Madison State Hospital; and by committing further criminal offenses, including Drug Paraphernalia Use and Possession, Alcohol Intoxication in a Public Place, Battery (a Class D felony and a Class A misdemeanor), Resisting Law Enforcement (a Class A misdemeanor), Criminal Trespass (a Class A misdemeanor) and Invasion of Privacy (a Class B misdemeanor). We do not address these alleged violations, as the State did not produce evidence thereof at the hearing. Evidence supporting an alleged violation of probation must be presented in open

court. *Strowmatt v. State*, 686 N.E.2d 154, 159 (Ind.Ct.App.1997).

2. An *Alford* plea is a guilty plea where the defendant accepts punishment but denies guilt. The United States Supreme Court in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) found that the fact that a criminally accused maintains his innocence does not bar him from entering and the court from accepting a guilty plea. *Id.* at 30, 91 S.Ct. at 163–64. However, the Court noted its holding did not prevent states from barring their courts from accepting guilty pleas from defendants who assert their innocence. *Id.* at 38, n. 11, 91 S.Ct. at 168, n. 11.

based on an out-of-state *Alford* plea. *State v. Koliscz,* 636 A.2d 1329 (R.I.1994).

▆ The requirement that a probationer obey federal, state and local laws is automatically a condition of probation by operation of law. *Menifee v. State,* 600 N.E.2d 967, 969 (Ind.Ct.App.1992). A criminal conviction is prima facie evidence of a violation and will alone support a revocation of probation. *Gleason v. State,* 634 N.E.2d 67, 68–69 (Ind. Ct.App.1994). Subsequent criminal convictions have frequently supported probation revocations. *See, e.g., Sheron v. State,* 682 N.E.2d 552 (Ind.Ct.App.1997); *Gardner v. State,* 678 N.E.2d 398 (Ind.Ct.App.1997). In *Gleason v. State,* although we reversed on other grounds, this court found a conviction in Michigan would have been sufficient to support revocation of probation. *Gleason,* 634 N.E.2d at 68.

▆ The fact that Williams' conviction was based on an *Alford* plea does not lead to the conclusion there was insufficient evidence to support the revocation of his probation. Revocation may be based upon evidence of the commission of an offense, even if the probationer has been acquitted of the crime after trial. *Justice v. State,* 550 N.E.2d 809, 812 (Ind.Ct.App.1990). Since Kentucky law clearly treats *Alford* pleas as convictions, we see no reason for Indiana courts to treat them any differently for purposes of making determinations on probation revocations. We affirm the trial court's revocation of Williams' probation.

Affirmed.

SHARPNACK, C.J., and DARDEN, J., concur.