**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID A. PERRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A05-1301-CR-24 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1109-FD-76

**August 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

David A. Perry appeals the revocation of his probation. Perry raises one issue, which we restate as whether the evidence is sufficient to support the revocation of his probation. We affirm.

FACTS AND PROCEDURAL HISTORY

In September 2011, the State charged Perry with possession of a controlled substance as a class D felony, unlawful possession or use of a legend drug as a class D felony, possession of hash oil as a class A misdemeanor, and illegal possession of an alcoholic beverage as a class C misdemeanor.

On January 20, 2012, Perry and the State entered into a plea agreement in which Perry agreed to plead guilty to possession of a controlled substance as a class D felony and receive a sentence of three years with all time suspended except for one year, and the State agreed to dismiss the remaining charges. The plea agreement also provided that Perry would be placed on probation at the discretion of the court and be required to attend a form of drug counseling as a part of probation. The court accepted Perry's plea of guilty to the charge of possession of a controlled substance as a class D felony and, consistent with the plea agreement, sentenced Perry to three years with two years suspended to probation and dismissed the remaining counts.

The court's order of probation, dated and filed on January 20, 2012 and countersigned by Perry, provided among other requirements that Perry must not violate any laws and shall not use alcohol, report to a substance abuse program approved by the probation department, and support his dependents and meet all other family responsibilities. In addition, the order stated: "You shall work faithfully at a suitable employment, faithfully pursue a course of study or vocational training that will equip you

2

for a suitable employment, or make every effort to obtain employment. You shall notify your Probation Officer of any change of vocation or employment within 24 hours of such change." Appellant's Appendix at 68.

On August 14, 2012, the State filed a Verified Petition for Revocation of Suspended Sentence and Probation alleging that Perry violated the terms of his probation by: "1. Failure to comply with counseling requirement[;] 2. Failure to work at a suitable employment[; and] 3. Failure to support dependents as ordered[.]" Id. at 80. At an initial hearing on October 25, 2012, Perry indicated that he had two children, that he had a legal obligation to support one of them, and that paternity had not been established with respect to the other child. After questioning Perry regarding his financial resources, the court found him indigent and appointed counsel to represent him. The court held a hearing on November 5, 2012, at which Perry's counsel requested a fact finding hearing.

On December 14, 2012, the court held a fact finding hearing at which the parties presented evidence and arguments. The State presented the testimony of Perry's probation officer, Gregory Werich, who indicated that Perry began his probation in January 2012. Werich testified that, as a condition of probation, Perry was required to undergo substance abuse counseling and that he "directed him to Park Center and . . . gave him 30 days from the time [they] met . . . to get that started or at least make an attempt to get that started." Transcript at 17. Werich testified that Perry had not completed the ordered counseling as of the date of filing of the State's petition to revoke probation and was not aware that it had been completed since then. Werich indicated that he or his staff met with Perry on a weekly basis. When asked if Perry reported finding suitable employment, Werich testified "[h]e did not," and when asked "[d]id he indicate

3

why he couldn't find a job," Werich testified "[m]ost of the time he indicated to me that he had not even looked." Id. Werich stated that he explained to Perry that not looking for and obtaining employment would be a violation of his probation, and, when asked how Perry would respond, Werich testified "[u]ltimately the last appointment we had 'I'd just rather do my jail time.'" Id. at 18. In addition, Werich indicated that Perry did not pay any support with respect to his child support order.[1] When asked "[d]id you check with the Clerk's office," Werich responded "I've checked with IV-D staff today." Id. When asked if Perry made "even a partial payment," Werich stated "[y]our staff wrote and again I quote 'Never paid.'" Id.

On cross-examination, when asked about the cost of the counseling program at the Park Center, Werich testified that he did not know the specific cost, that there was a sliding fee scale, that he directed Perry to have an assessment or at least find out what the costs would be, and then at that point they could assess whether or not he would be eligible for indigent funds. When asked "[a]s far as the suitable employment, were you aware that there was some temporary employment obtained by [] Perry," Werich responded "[i]f that's about the Street Fair"[2] and "[y]es, he made that aware to me at the last hearing we had." Id. at 19.

When asked "[i]n regard to being on probation there are some fees that go along with that," Werich responded "[c]orrect," and when asked if those fees had been paid, he

---

[1] The prosecutor submitted "State's Exhibit 1" and stated that it was a certified copy of all the payments received since probation started, and the court admitted the exhibit without objection. Transcript at 18. However, as noted by the State, the exhibit was not included in the record on appeal.

[2] Werich testified that "Street Fair is a carnival type atmosphere in the week of September . . . it lasts from Tuesday to the following Saturday," that "[a] lot of people do obtain temporary employment with the street fair organization and/or the vendors that come into the community and that employment lasts for the duration of them being here in town." Transcript at 21.

4

testified "the fees to the Clerk's office have been [paid] in full. Probation I meant to run those off and I did not run those off, so I don't have a balance on that." Id. Werich indicated he did not know where Perry obtained the funds to pay those fees, and when asked if that would have come from his temporary employment at the Street Fair, Werich testified "[t]hat was release from his bond." Id. at 20. When asked if he had probationers in the past with felonies on their record and whether that typically makes it more difficult to find good employment, Werich answered "[a]bsolutely." Id. Also, when asked "when you're talking about a younger individual who has no pre[-]felony employment history, does it also make it more difficult for them to find employment," Werich responded "[a]bsolutely," and when asked "is that the situation [] Perry would have been in," Werich stated "Oh I imagine it would be." Id.

On redirect examination, Werich agreed that "Street Fair is approximately one week" and indicated that Perry did not report that he attempted to work with the Park Center or that he reported any other kind of work "other than Street Fair." Id. The court then asked Werich if, in his experience, "is it difficult or is it impossible, which of the two," for a person with a felony conviction to find employment, to which Werich testified that "[i]t would be difficult," that he had individuals who have felony convictions that do maintain and find employment, and that he did not know what Perry was doing with Street Fair. Id. at 21. The prosecutor then asked Werich if his department had a number of people on probation for criminal nonsupport, and Werich responded affirmatively, and when asked "[s]o people with felony non-support can find and do find work and successfully complete probation," Werich replied "Yes." Id. at 22. Werich also indicated it is unusual for a probationer to say that he would just rather do his time, and

5

that it was his opinion that kind of behavior is indicative of an individual who is not wishing to take advantage of the probationary period.

The State argued that Perry would rather do jail time than probation and that Perry does not want to change and requested the court to revoke the remainder of his sentence. Perry, by counsel, argued that the testimony from Werich was that in his experience it is difficult for someone with a felony on their record to gain employment, that it is especially so when the individual is younger, that Perry was nineteen years of age, that Perry does not have any work history of his own prior to having a felony conviction, that the facts show Perry did look for work, was able to find some temporary work while the Street Fair was in town, and was able to pay some portion of his court costs or probation fees, and that outside of that he was unable to secure full time employment and was therefore unable to pay his substance abuse fees or his child support.

The court found that the State showed that all of the allegations in the revocation petition were true. Specifically, the court stated in part:

> State's Exhibit number one demonstrates that no support payments were made during the period of probation prior to the filing of the Petition to Revoke, so the Court is going to find that the State has proven its petition in that regard. Failure to work at suitable employment, testimony of [] Werich is that the Defendant on many occasions indicated he had not even looked for work and at one point indicated to [] Werich that he would rather just finish his jail term than obtain employment and finally with respect to failing to comply with counseling the State has also proven that through the testimony of [] Werich that he failed to comply with the counseling requirement. He was given 30 days to start that programming and did not complete counseling. There was testimony he didn't even start the counseling program. The Court is going to find the State has proven all the allegations of the Petition and find the Defendant has violated terms and conditions of his suspended sentence and probation.

6

Id. at 23-24.  The prosecutor argued that the court heard that Perry wants to serve his time, and Perry's counsel argued that Perry was nineteen years old and does not have a high school diploma or a GED, which further complicates his ability to find work. Perry's counsel argued that Perry did look for work, that the only work he found was through the Street Fair, and that his income from that was used to pay his court costs and probation fees, which he did as a priority over paying his child support, and asked the court to show Perry some leniency and not give him the entire balance of his originally suspended sentence.  The court stated:

> Mr. Perry, we put you on probation for a reason and that reason is to kind of give you a second chance to make some changes in your life and when you go on probation and you simply just don't really do anything it makes it hard not to take the State's recommendation especially when you make a statement to the probation department that you would just rather go to jail than look for work.  I realize jobs are tough, they are tough in this economy, tough to find jobs in this community, but there are ways you could have remedied that situation.  I understand you maybe don't have a GED or high school diploma, you could have used this time to make those changes in your life, get a GED, you chose not to.  Again, I realize jobs are difficult to find at times, but there are places that are hiring, there are places that hire felons, happens all the time and to not, it sounds like from the testimony of Mr. Werich at times you have not even tried to look for work, it's unacceptable.

Id. at 25.  The court then stated it was going to revoke Perry's previously-suspended sentence and order him to be incarcerated for a period of two years.

On December 17, 2012, the court issued an order finding that found Perry violated the conditions of his probation, revoking his probation, and ordering that he serve his previously-suspended sentence of two years.

ISSUE AND STANDARD OF REVIEW

The issue is whether the evidence is sufficient to support the revocation of Perry's probation. Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. Smith v. State, 963 N.E.2d 1110, 1112 (Ind. 2012). A trial court's probation decision is subject to review for abuse of discretion. Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. A probation hearing is civil in nature and the State needs to prove the alleged violations by a preponderance of the evidence. Id. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke it. Id.

DISCUSSION

A person's probation may be revoked if "the person has violated a condition of probation during the probationary period." Ind. Code § 35-38-2-3(a)(1). In order to obtain a revocation of probation, "the state must prove the violation by a preponderance of the evidence." Ind. Code § 35-38-2-3(f). Further, "[p]robation may not be revoked for failure to comply with conditions of a sentence that impose[] financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." Ind. Code § 35-38-2-3(g). The violation of a single condition of probation is sufficient to revoke probation. Wilson v. State, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

Perry contends that the State presented insufficient evidence that he violated a condition of his probation and that the State failed to meet its burden that he recklessly,

8

knowingly or intentionally failed to pay his financial obligations. He argues the State "introduced no evidence or testimony as to [his] state of mind regarding his failure to pay" and that the "record shows only that [he] had simply not paid." Appellant's Brief at 9-10. Perry also requests that we remand to the trial court for further deliberation of the appropriate sanction for him.

The State maintains that it presented sufficient evidence that Perry violated the terms of his probation, that the State met its burden that Perry was aware of a high probability that he was failing to pay his child support, that Perry did not make a single child support payment during his seven months of probation, and that Perry informed his probation officer that he did not search for work and would "just rather do [his] jail time." Appellee's Brief at 6. The State further argues that the trial court properly found that Perry failed to meet his burden demonstrating an inability to pay, that although Perry's probation officer "indicated that it was more difficult to obtain employment for a young defendant on felony probation, [Perry] himself rendered it impossible to gain employment when he refused to search for a job." Id. at 7-8. The State also argues that, even if this court finds an abuse of discretion with respect to Perry's violation for failure to pay child support, Perry violated other terms of his probation and thus this court should affirm the probation revocation.

The requirement that a probationer obey federal, state, and local laws is automatically a condition of probation by operation of law. Williams v. State, 695 N.E.2d 1017, 1019 (Ind. Ct. App. 1998); Ind. Code § 35-38-2-1(b) ("If the person commits an additional crime, the court may revoke the probation."). When the alleged probation violation is the commission of a new crime, the State does not need to show

that the probationer was convicted of a new crime. <u>Whatley v. State</u>, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). The allegation that a probationer has violated probation "only has to be proven by a preponderance of the evidence." <u>Id.</u>

In <u>Runyon v. State</u>, the Indiana Supreme Court held that if the violation of a probation condition involves a financial obligation, then the probationer must be shown to have recklessly, knowingly, or intentionally failed to pay. 939 N.E.2d 613, 616 (Ind. 2010). The Court determined "[a]s to the fact of violation, the statute expressly imposes the burden of proof upon the State. But with respect to the ability to pay, the burden of proof is not explicitly designated." <u>Id.</u> The Court held, "it is the State's burden to prove both the violation and the requisite state of mind in order to obtain a probation revocation." <u>Id.</u> With respect to the ability to pay, the Court held that it is the defendant probationer's burden "to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." <u>Id.</u> at 617 (citing <u>Woods v. State</u>, 892 N.E.2d 637, 641 (Ind. 2008)).

The record reveals that the State presented evidence that, during the time he was placed on probation until the State filed the revocation petition, Perry failed to make child support payments and thus to support his dependents, to comply with the counseling requirement, and to work at suitable employment or make every effort to obtain employment. Based on the record, the State demonstrated that Perry failed to comply with the conditions of his probation. <u>See</u> <u>Smith</u>, 963 N.E.2d at 1113 (finding that the record made clear that Smith failed to comply with the conditions of his probation and failed to pay weekly support obligations as a required condition of his probation).

With respect to whether the State showed that Perry failed to make his child support payments knowingly, intentionally, or recklessly, the Indiana Supreme Court has held that "because the phrase 'recklessly, knowingly, or intentionally' appears in the disjunctive and thus prescribes alternative considerations, the state of mind requirement may be satisfied by adequate evidence that a defendant's failure to pay a probation imposed financial obligation was either reckless, knowing, or intentional." Id. (citing Runyon, 939 N.E.2d at 616). "Ind. Code § 35-41-2-2(b) provides that a person engages in conduct 'knowingly' if, when he or she engages in the conduct, the person is aware of a 'high probability' that he or she is doing so." Id. "Because knowledge is a mental state of the actor, it may be proved by circumstantial evidence and inferred from the circumstances and facts of each case." Id. (citation omitted). Thus, with respect to the financial obligation of supporting his dependents, the evidence must show that Perry was aware of a high probability that he was not paying his current support obligation. See id. (noting that "in order to sustain the probation revocation in this case, the evidence must show that Smith was aware of a high probability that he was not paying current support every week . . . .") (internal quotation marks and brackets omitted).

Perry does not assert that he was unaware that he was required to make child support payments. At the initial August 14, 2012 hearing, he stated that he had two children, that he had a legal obligation to support one of them, and that paternity had not been established with respect to the other child. At the December 14, 2012 hearing, Werich testified that Perry did not make any full or partial payments with respect to his child support order during the period of his probation and that he had "checked with IV-D staff" the day of the hearing. See Transcript at 18. The State demonstrated by a

11

preponderance of the evidence that Perry was aware of a high probability that he was not making required child support payments.

Further, to the extent that Perry argues that he was unable to make his child support payments because he did not have a job and that it was difficult for him to find a job because he was young and had a felony conviction, we note that the order of probation required Perry to support his dependents and that he "work faithfully at a suitable employment" or "make every effort to obtain employment." Appellant's Appendix at 68. While Perry obtained temporary employment at a street fair for one week, the State elicited testimony from Werich that he or his staff met with Perry on a weekly basis, that Perry did not find suitable employment, that "[m]ost of the time [Perry] indicated . . . that he had not even looked," that Werich had explained to Perry that not looking for employment would constitute a probation violation, and that at one point Perry had stated "I'd just rather do my jail time.'" Transcript at 17-18. We note that "[i]t is the probationer's burden to show facts related to the inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." Smith, 963 N.E.2d at 1114 (citing Runyon, 939 N.E.2d at 617)). Perry failed to carry his burden to show an inability to pay or that he made bona fide efforts to do so. See Smith, 963 N.E.2d at 1114 (holding that Smith failed to carry his burden regarding the inability to pay). Further, we note that the testimony presented established by a preponderance of the evidence that Perry did not make every effort to obtain employment as required.

Based upon the record, we conclude that the court as the finder of fact could reasonably conclude by a preponderance of the evidence that Perry knowingly failed to

make child support payments, to report to counseling, and to obtain suitable employment or make every effort to obtain employment as required by the order of probation, each of which constituted a violation of the conditions of his probation. See Smith, 963 N.E.2d at 1114 (holding that the trial judge as fact finder could reasonably conclude that Smith knowingly failed to pay current child support as required by the terms of his probation). Accordingly, the trial court did not abuse its discretion in revoking Perry's probation.

To the extent Perry argues that the court abused its discretion in imposing the sanction of sending him to prison, we note that probation is a matter of grace and a conditional liberty, not a right to which a defendant is entitled. Smith, 963 N.E.2d at 1112. Ind. Code § 35-38-2-3(h) provides that if the court finds that a person has violated a condition of probation, the court may "(1) [c]ontinue the person on probation, with or without modifying or enlarging the conditions[;] (2) [e]xtend the person's probationary period for not more than one [] year beyond the original probationary period[; and/or] (3) [o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." The court found that Perry violated the conditions of his probation on all three bases alleged in the State's petition. Under the circumstances, we cannot say that the trial court abused its discretion in revoking Perry's probation and ordering that he serve his previously-suspended sentence.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.