**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS D. SARVER**
Goebel Law Office
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RONALD D. HAYES,                    )
                                    )
    Appellant-Defendant,       )
                                    )
       vs.              )    No. 54A01-1302-CR-77
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.        )

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable David A. Ault, Judge
Cause No. 54D01-1110-FD-3385

**September 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Ronald D. Hayes appeals the revocation of his probation. Hayes raises one issue, which we restate as whether the evidence is sufficient to support the revocation of his probation. We affirm.

FACTS AND PROCEDURAL HISTORY

In April 2012, Hayes pled guilty, pursuant to a plea agreement, to nonsupport of a dependent child as a class D felony. The court accepted the plea, found Hayes guilty, found that Hayes has a prior history of criminal activity, and sentenced him to two years, all of which was ordered suspended. The court also placed Hayes on probation for two years. The probation order, dated and filed on April 26, 2012 and countersigned by Hayes, provides among other requirements that Hayes "1. [] shall not violate any law" and "2. [] shall immediately report to Probation and cooperate as directed." Appellant's Appendix at 19. The probation order also provides, under the heading of "Additional Probation Terms," that Hayes was required to pay support as ordered in cause number 54D01-0611-CR-432 ("Cause No. 432"). Id.

On December 4, 2012, the State filed a Petition to Revoke or Modify Probation alleging that Hayes violated "Term 2" of his probation that he "immediately report to Probation and cooperate as directed" because on November 21, 2012, he failed to appear for a scheduled meeting with Probation, and that he violated the "Additional Term" of his probation that he pay support as ordered in Cause No. 432 because "[a]s of November 15, 2012, Mr. Hayes has failed to pay support on a consistent basis and has accumulated an additional $2,920.25 in past due support since starting Probation supervision." Id. at 14.

2

On January 17, 2013, the court held a revocation hearing. The court asked if Hayes admitted to violating the terms of his probation as alleged, and Hayes's counsel responded "[w]ith respect to term two." Transcript at 8. Hayes indicated that he failed to appear for a scheduled meeting on November 21, 2012, and testified: "I had called and rescheduled because I was sick, and pretty much when I got the next court date [], I slept. I really don't know, have an excuse why I missed it, I usually, I usually don't miss them." Id. at 10. When asked if he failed to pay support on a consistent basis, Hayes testified: "Um, yes, well on a consistent basis yes, the $2900 from the day I was put on probation until the day that I got violated, the correct number was not $2900." Id.

The State presented a document, admitted as State's Exhibit 1 without objection, which contained printouts from the clerk's office showing the support payments made by Hayes under Cause No. 432. The State also presented a document, admitted as State's Exhibit 2 without objection, which included a summary, prepared by Hayes's caseworker, of the support payments made by Hayes from March 12, 2011, to November 9, 2012.[1] Hayes indicated that he thought there was a miscalculation with respect to his support "from the dates that was from probation to when [he] violated." Id. at 11. When

---

[1] The summary admitted as State's Exhibit 2 indicates that Hayes's court ordered child support was $54 per week starting on March 25, 2011, and that he was also required, starting on March 12, 2011, to pay $10 per week toward his arrearage amount of $12,495.53 as of March 11, 2011. The portion of the summary which includes the dates Hayes was on probation provides: "4/27/12 to 11/9/12  29 x 54 = 1566 - 787.65 = 778.35." State's Exhibit 2. This suggests that Hayes's total support obligation for that period was $1,566 and that he paid a total of $787.65, leaving a total unpaid obligation for that period of $778.35. This is confirmed by the amounts provided in two printouts from the clerk's office admitted as State's Exhibit 1. The printouts indicate that Hayes made support payments of $25.65 on April 27, $480 on April 30, $74 on each of May 4, May 11, and May 18, $20 on July 30, $10 on each of August 24 and September 10, and $20 on September 26, 2012, for a total of $787.65 between April 26 and December 4, 2012. Thus, the exhibits indicate that Hayes failed to pay $778.35 of his $54 per week support obligation during the period he was on probation prior to the filing of the revocation petition. In addition, the payments shown in the exhibits indicate that Hayes did not make any other payments during this period attributable to his obligation to pay $10 per week toward his arrearage.

3

asked to identify the inaccuracy, Hayes responded "Uh, at $64 a [week] times eight months." Id. at 12. Hayes stated that he believed that the figure of $2,920.25 alleged in the petition was incorrect and that he figured the correct amount to be $1,900 to $2,000. Hayes testified that he made a payment when he could. When asked if he agreed that he "paid a lot less than that . . . amount" and that his "arrears did go up while [he was] on probation," Hayes responded affirmatively. Id. Hayes indicated that his failure to pay was not intentional or willing.

Hayes indicated that he had a job at ATCO Rubber during the period he was on probation. When asked how he came to leave that employment, Hayes stated he "had back issues and [had] currently filed for disability because of it." Id. at 13. When asked "didn't you actually leave because you told your employer you had court," Hayes stated "no, I took off that day." Id. When asked "[t]hat was your second day on the job," Hayes replied affirmatively, and when asked if he knew "why ATCO would have reported it as a no call, no show to [his] probation officer," Hayes responded "I spoke with my probation officer" and that "after that second day I couldn't even get up out of bed." Id. at 13-14. When Hayes was asked if his probation officer had suggested that he "do detasseling this past summer," Hayes stated "Yes," and when asked if he did so, replied "no, I don't, it come [sic] that they didn't have any positions for me to detassel." Id. at 14. When asked "[d]id you not tell your probation officer that the reason you didn't want to do detasseling is because Manpower had messed you, messed with you in the past or messed you over in the past," Hayes responded "they wouldn't give me a job anyways" and that "I did tell my probation office that yes." Id. at 14-15. Hayes also

4

testified: "the reason was my child support, they wouldn't pay my child support correctly, and if my child supports not getting paid correctly I'm getting violated regardless." Id. at 15.

When asked how long he had had back problems, Hayes testified: "for the past three and a half, four years. It's that, gradually got worse, and I also have migraine headaches that feels like my head's going to blow off, and I've recently filed for disability . . . ." Id. Hayes stated he filed for disability in August or September of 2012 and indicated that he had a full-time position at a gas station in Lafayette in 2009. When asked how he lost that job, Hayes stated "I moved back to Crawfordsville." Id. at 16.

On cross-examination, Hayes testified that he worked at ATCO Rubber and Nucor Steel since he had been on probation, that he worked at Nucor Steel in October 2012, and that both positions were through a placement agency. Hayes testified that he had not turned down work from the placement agencies, that he "just ha[d not] had work," and that he went "in their [sic] daily, call and sign in, and they say they don't have work." Id. at 20. He testified he "called the lady at Donnelley's, the onsite coordinator, [] and she says, well, I'll get back with you [] when I have work." Id. He further testified that he applied for employment at two gas stations in person since April 2012, that he did not have online access, and that he went to the library three to five times to complete online applications and the computers were shut down. When asked if he had a job lined up, Hayes replied "[y]es, I went to work yesterday," and when asked the next time he was scheduled for work, he stated "I went to the ER last night because I had a migraine" and, when asked the question again, stated "I called them before I come here and she told me

5

not to come to work." Id. at 23. Hayes also indicated that he "could go to Workforce or Manpower" and that "Banjo requested me to come work their [sic]," and when asked if he planned to follow up with that, Hayes responded affirmatively. Id.

Hayes's counsel argued that Hayes was trying to pay his support, that jobs are difficult to find, and that Hayes had some work lined up and has been paying, and he requested that the court not reinstate any portion of Hayes's suspended sentence or reinstate as minimal a portion as possible and permit Hayes to serve the sentence on the weekends so that he could work. The prosecutor argued that Hayes had not been paying his support and that the State had shown that his failure to pay was knowing and willful. The prosecutor further argued that Hayes's job application process speaks for itself and, based upon his lack of effort to obtain employment to pay his support, the State believed that part of his suspended sentence should be revoked and that after he serves the revoked portion he should be returned to probation with an order to pay.

The court stated:

Okay. Mr. Hayes, your past record, as I review it, from my notes at the sentencing back in April of last year, shows that when you had suspended or partially suspended sentences on felony cases that they've failed and you've been revoked for not complying with your probation terms. That pattern persists. This case seems to be in the same vein. The terms of this probation are pretty straight forward and they boil down to seeing that you put the money on the table every week for your child support and that's not what's going on, that hasn't happened. You have talked today about some medical issues, that's new, that certainly wasn't part of the evidence at sentencing, there wasn't any pretense that you would be under any disability to work or stay at work and that sentencing really falls within the timeframe of when you said you were having these problems so the Court can't put any faith in those statements. The Court is going to revoke this suspended sentence. It will permit it to be served through the Work Release Program at the County Jail should you qualify and that's up to the

6

Sheriff, so you are to remain here, you'll be taken into custody. The cash bond that was posted will be applied to child support.

Id. at 25-26.

In an order dated and filed on February 8, 2013,[2] the court found that Hayes "freely and voluntarily admits violating the terms of probation in that he failed to report to his probation officer as directed and failed to pay his child support as ordered." Appellant's Appendix at 9. The court further ordered Hayes to serve his previously-suspended sentence of two years in the Department of Correction (the "DOC").

ISSUE AND STANDARD OF REVIEW

The issue is whether the evidence is sufficient to support the revocation of Hayes's probation. Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. Smith v. State, 963 N.E.2d 1110, 1112 (Ind. 2012). A trial court's probation decision is subject to review for abuse of discretion. Id. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. Id. A probation hearing is civil in nature and the State needs to prove the alleged violations by a preponderance of the evidence. Id. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke it. Id.

---

[2] This order was an amended order. The court issued an original written order on January 17, 2013, and the chronological case summary indicates, with respect to the February 8, 2013 amended order: "Credit time amended to six days." Appellant's Appendix at 5.

7

DISCUSSION

A person's probation may be revoked if "the person has violated a condition of probation during the probationary period." Ind. Code § 35-38-2-3(a)(1). In order to obtain a revocation of probation, "the state must prove the violation by a preponderance of the evidence." Ind. Code § 35-38-2-3(f). Further, "[p]robation may not be revoked for failure to comply with conditions of a sentence that impose[] financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay." Ind. Code § 35-38-2-3(g). The violation of a single condition of probation is sufficient to revoke probation. Wilson v. State, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

Hayes contends that the court abused its discretion in reinstating his previously suspended sentence instead of returning him to probation with additional terms. He concedes that he violated his probation by failing to attend the meeting on November 21, 2012. Hayes notes that his trial counsel presented an alternative that he serve any executed portion of suspended sentence on weekends and that the prosecutor argued that he serve a portion of his suspended sentence, and he states that the court instead chose to review its own file and reinstate his suspended sentence from evidence not placed in the record by either party.

In addition, Hayes asserts that the court erred in failing to find that he established his inability to make payments towards his support arrearage or that he made sufficient bona fide efforts to pay. Hayes argues that he has shown bona fide efforts to pay his child support, that he has health issues which have progressed and for which he has filed for disability, and that he went to the library three to five times to fill out online

8

applications but the computers were shut down. Hayes argues that job opportunities in a factory community such as Crawfordsville are limited for persons similar to himself with a limited education, limited income, and developing health issues. Hayes further argues that he did not sit around his home and that he signed in daily with temporary agencies which advised him they did not have work. Hayes contends that the evidence is clear that, over the last two to three years, he could not find full-time employment despite his efforts, that his employment was limited to three temporary agencies paying low wages, that another agency was ready to put him to work after the hearing, and that none of the gas stations he applied to for employment provided him any positive responses.

Hayes further asserts that the State erroneously calculated the arrearage owed by him since starting probation and included the incorrect amount in its revocation petition. He argues that State's Exhibit 1 shows a pattern that, upon being placed on probation, he made a large cash payment in April 2012 followed by payments during the months of July, August, and September 2012 before payments stopped. He contends that he made an attempt to make payments. Finally, Hayes argues that he testified that he did not knowingly or intentionally fail to pay his child support, that the trial court did not state whether he recklessly, knowingly, or intentionally failed to pay his support obligation, and that the court's finding as to his financial obligation was the critical violation that led to the revocation of his suspended sentence. Hayes requests that we remand to revise the court's disposition to return to probation with any additional terms to be determined by the court.

9

The State maintains that the court properly revoked Hayes's probation and points to the facts that Hayes admitted that he failed to appear for a scheduled probation meeting and later conceded that his child support arrearage had increased since he had been placed on probation. The State argues that the court correctly found that Hayes's excuse of medical problems that prevented him from working and paying child support was not credible, that Hayes complained that his medical problems lasted four years, that his sentencing had occurred less than a year before the revocation hearing and he had not mentioned any medical concern then, and that he had held a job within the last two or three years. The State also notes that he voluntarily quit a job and moved to a different city without any valid explanation, that he recently quit a job after only one day of work and without calling his employer to provide any explanation, that he dismissed a suggestion of his probation officer because he did not like an employer, and that Hayes complained that he could not apply for jobs because the library computers were offline all three to five times he went to the library. The State also maintains that the court did not abuse its discretion in revoking Hayes's entire previously suspended sentence because Hayes had a history of revocations, that he was not able to provide any valid excuse for violating either of his probation conditions, and that he did not demonstrate that his inability to pay was for reasons beyond his control.

The requirement that a probationer obey federal, state, and local laws is automatically a condition of probation by operation of law. Williams v. State, 695 N.E.2d 1017, 1019 (Ind. Ct. App. 1998); Ind. Code § 35-38-2-1(b) ("If the person commits an additional crime, the court may revoke the probation."). When the alleged

probation violation is the commission of a new crime, the State does not need to show that the probationer was convicted of a new crime. Whatley v. State, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). The allegation that a probationer has violated probation "only has to be proven by a preponderance of the evidence." Id.

In Runyon v. State, the Indiana Supreme Court held that if the violation of a probation condition involves a financial obligation, then the probationer must be shown to have recklessly, knowingly, or intentionally failed to pay. 939 N.E.2d 613, 616 (Ind. 2010). The Court determined "[a]s to the fact of violation, the statute expressly imposes the burden of proof upon the State. But with respect to the ability to pay, the burden of proof is not explicitly designated." Id. The Court held, "it is the State's burden to prove both the violation and the requisite state of mind in order to obtain a probation revocation." Id. With respect to the ability to pay, the Court held that it is the defendant probationer's burden "to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." Id. at 617 (citing Woods v. State, 892 N.E.2d 637, 641 (Ind. 2008)).

The record reveals that the State presented evidence that, during the time he was placed on probation until the State filed the revocation petition, Hayes failed to appear for a scheduled meeting with the probation department and failed to make all of the child support payments required under Cause No. 432, each as required as a condition of his probation.[3] Based on the record, the State demonstrated that Hayes failed to comply with the conditions of his probation. See Smith, 963 N.E.2d at 1113 (finding that the record

---

[3] As noted above, Hayes's total arrearage increased by $778.35 during the period he was on probation prior to the filing of the revocation petition.

11

made clear that Smith failed to comply with the conditions of his probation and failed to pay weekly support obligations as a required condition of his probation).

With respect to whether the State showed that Hayes failed to make his child support payments knowingly, intentionally, or recklessly, the Indiana Supreme Court has held that "because the phrase 'recklessly, knowingly, or intentionally' appears in the disjunctive and thus prescribes alternative considerations, the state of mind requirement may be satisfied by adequate evidence that a defendant's failure to pay a probation imposed financial obligation was either reckless, knowing, or intentional." Id. (citing Runyon, 939 N.E.2d at 616). "Ind. Code § 35-41-2-2(b) provides that a person engages in conduct 'knowingly' if, when he or she engages in the conduct, the person is aware of a 'high probability' that he or she is doing so." Id. "Because knowledge is a mental state of the actor, it may be proved by circumstantial evidence and inferred from the circumstances and facts of each case." Id. (citation omitted). Thus, with respect to the financial obligation of paying his child support, the evidence must show that Hayes was aware of a high probability that he was not paying his current support obligation. See id. (noting that "in order to sustain the probation revocation in this case, the evidence must show that Smith was aware of a high probability that he was not paying current support every week . . .") (internal quotation marks and brackets omitted).

Hayes does not assert that he was unaware that he was required to make child support payments. State's Exhibits 1 and 2 show that he made several support payments but not all of the payments required with respect to his child support order during the period of his probation. The evidence indicates that Hayes was aware that he was

required to make child support payments. The State demonstrated by a preponderance of the evidence that Hayes was aware of a high probability that he was not making required child support payments.

To the extent that Hayes argues that he was unable to make his child support payments due to his difficulty finding work and his health issues, we note that the trial court did not find his testimony that his health issues prevented him from obtaining employment to be persuasive, and we will not reweigh the evidence or judge the credibility of witnesses. See id. at 1112. Hayes testified he had a full-time position at a gas station in Lafayette in 2009 and that he lost the job when he moved back to Crawfordsville, and this testimony does not suggest that he did not voluntarily quit that employment. While Hayes testified that he had a job at ATCO Rubber, upon further questioning he indicated that he did not return to the job after the first or second day of his employment, and, again, the trial court did not find Hayes's testimony related to his health to be persuasive and we do not reweigh the evidence. Hayes also indicated that his probation officer suggested that he "do detasseling," that he told his probation officer that he did not want to do the work because the agency had "messed with [him] in the past," and that "they didn't have any positions for me to detassel." See Transcript at 14-15. He also stated that he applied for employment at two gas stations in person since April 2012, that he did not have online access, that he went to the library three to five times to fill out online applications, and that the computers were unavailable each time, preventing him from completing job applications. We note that "[i]t is the probationer's burden to show facts related to the inability to pay and indicating sufficient bona fide efforts to pay so as

13

to persuade the trial court that further imprisonment should not be ordered." Smith, 963 N.E.2d at 1114 (citing Runyon, 939 N.E.2d at 617)). Based upon Hayes's testimony, we find that Hayes failed to carry his burden to show an inability to pay or that he made bona fide efforts to do so. See Smith, 963 N.E.2d at 1114 (holding that Smith failed to carry his burden regarding the inability to pay).

Based upon the record, we conclude that the court as the finder of fact could reasonably conclude by a preponderance of the evidence that Hayes failed to appear for a scheduled meeting and knowingly failed to make child support payments as required by the probation order, each of which constituted a violation of the conditions of his probation. See Smith, 963 N.E.2d at 1114 (holding that the trial judge as fact finder could reasonably conclude that Smith knowingly failed to pay current child support as required by the terms of his probation). Accordingly, the trial court did not abuse its discretion in revoking Hayes's probation.

To the extent Hayes asserts that the court abused its discretion in imposing the sanction of reinstating his previously-suspended sentence with the possibility that it be served through work release if he qualified, we note that probation is a matter of grace and a conditional liberty, not a right to which a defendant is entitled. Smith, 963 N.E.2d at 1112. Ind. Code § 35-38-2-3(h) provides that if the court finds that a person has violated a condition of probation, the court may "(1) [c]ontinue the person on probation, with or without modifying or enlarging the conditions[;] (2) [e]xtend the person's probationary period for not more than one [] year beyond the original probationary period[; and/or] (3) [o]rder execution of all or part of the sentence that was suspended at

the time of initial sentencing." The court found that Hayes violated the conditions of his probation on the two bases alleged in the State's petition. The court also noted Hayes's unsuccessful placement on probation in the past. Under the circumstances, we cannot say that the trial court abused its discretion in revoking Hayes's probation and ordering that he serve his previously-suspended sentence.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.