**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 17 2014, 7:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DOMINIQUE BRISKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1307-CR-337 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0905-FB-77

**February 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Dominique Brisker appeals the revocation of his probation. Brisker raises one issue, which we restate as whether the evidence is sufficient to support the revocation of his probation. We affirm.

FACTS AND PROCEDURAL HISTORY

In May 2009, the State charged Brisker with dealing in cocaine as a class B felony and escape as a class C felony. In August 2009, Brisker pled guilty, and, in September 2009, the court sentenced him to concurrent terms of sixteen years for the dealing conviction and four years for the escape conviction. The court ordered that eight years of the aggregate sentence be executed in the Indiana Department of Correction and the balance be suspended to probation. The order of probation was dated and filed on September 21, 2009, and provided among other requirements that Brisker obtain a substance abuse evaluation by a facility approved by the probation department and comply with all recommendations, find and maintain employment of twenty-five hours per week, and provide written verification for all hours worked, or, if unemployed, successfully participate in a job seeking skills program approved by the probation department.

On November 1, 2012, the probation department filed a notice of probation violation which alleged that Brisker failed to obtain a substance abuse evaluation, comply with treatment recommendations, and provide written verification of successful completion of the program; that he failed to maintain and/or verify employment to the probation department; and that he violated his curfew. According to the court's chronological case summary entry on January 29, 2013, the court found that Brisker

violated the conditions of his probation as alleged, imposed no sanctions, and returned Brisker to probation with all the original terms to remain in full force and effect.

On February 25, 2013, the probation department filed a second notice of probation violation which alleged, under paragraph 3a, that Brisker violated the laws of Indiana when, on or about February 15, 2013, he committed the criminal offense of unlawful possession of a firearm by a serious violent felon as a class B felony as charged under cause number 48C06-1302-FB-353 ("Cause No. 353"); under paragraph 3b, that Brisker failed to obtain a substance abuse evaluation, comply with treatment recommendations, and provide written verification of successful completion of the program to the probation department; and, under paragraph 3c, that he failed to maintain and/or verify employment to the probation department.

On April 2, 2013, the court held an evidentiary hearing at which Brisker admitted that he violated the terms of his probation as alleged and the court made findings to that effect and scheduled a sanctions hearing.

On May 28, 2013, a sanctions hearing was held. Brisker initially agreed that he had possession of a firearm which belonged to another person, Jason Hendrickson. After counsel presented arguments related to appropriate sanctions, Brisker indicated that he wanted to go to trial. Specifically, Brisker stated "take that mother f-----. If that's the best he can play. He's going to play me like that, man." Transcript at 29. He then said: "I'm saying you played me and got me to appear here and forced me to plea agreement." Id. The court asked Brisker if he wanted a trial, and Brisker replied "Yeah I want to go to

3

trial." Id. The court vacated the finding of violation and scheduled the cause for an evidentiary hearing.

On June 10, 2013, the court held an evidentiary hearing on the notice of violation of probation filed on February 25, 2013. At the outset, Brisker apologized for his outburst at the previous hearing. Anderson Police Officer Brian Gehrke testified that, on February 15, 2013, he observed a pickup truck disregard a railroad warning gate and drive around the railroad crossing arms while a train was coming. Officer Gehrke testified that he initiated a traffic stop of the truck in which Jason Hendrickson was the driver and Brisker was the passenger, and that, when he initially approached the truck, he observed only Hendrickson but when he reached the driver's side window, he observed Brisker sitting in the passenger seat. Officer Gehrke opined that Brisker "had to have been bent down or hiding down close to the floorboard area" and that "[t]here's not much room to move around in there." Id. at 41. Officer Gehrke testified that he began to perform driver's license and registration checks and called K9 Officer William Bailey to assist him.

Anderson Police Officer Bailey testified that he took his K9 out for a drug search of the truck, the K9 jumped inside the passenger seat and indicated toward the center between the front seats, and he recovered what he believed to be crack cocaine from the area. Officer Bailey also located a silver metallic handgun under the driver's seat.

Anderson Police Detective Trent Chamberlin testified that Brisker and Hendrickson were brought to the police station for questioning and that Brisker signed a waiver of his Miranda rights. Detective Chamberlin testified that Brisker informed him

4

that, about a week prior, he had the gun in his possession, that his fingerprints or DNA would be on the gun, and that he had attempted to sell the gun. Detective Chamberlin testified that Brisker "stated at one point he played with it and showed me, talked about meaning he racked the slide, took the magazine out of it, and worked the slide," that "[h]e even made a motion like this with his hand," and that "[h]e acknowledged that yes he had been in possession of that gun at one point in time." Id. at 60-61. Detective Chamberlin also testified that Brisker described the gun to him, and while Brisker denied owning the gun, he did not deny having possessed it at one point in time. Detective Chamberlin further testified that he had interviewed Hendrickson prior to interviewing Brisker and that Hendrickson told him that there was no way he would find his fingerprints or DNA on the gun, that he believed Brisker placed the gun under the seat when the police were behind them, and that he felt something hitting his leg, looked down, and saw something silver going underneath the seat. Detective Chamberlin testified that Brisker tried to convince him that the gun actually belonged to Hendrickson and that he had agreed to sell the gun for Hendrickson.

Following the arguments of counsel, the court found that Brisker was a serious violent felon "who, if not on that day, a few days before that, was in possession" of a firearm. Id. at 82. The court stated that "[i]f you're handling a firearm with a view toward selling it and taking it apart, then you are possessing a firearm." Id. The court found that Brisker violated the terms of his probation as alleged under paragraph 3a of the notice of violation, revoked his probation, noted that his exposure on the probation violation was eight years, and, after reviewing Brisker's efforts to find employment and

5

hearing arguments of counsel, ordered that he serve six years of his previously-suspended sentence.

## ISSUE AND STANDARD OF REVIEW

The issue is whether the evidence is sufficient to support the revocation of his probation. Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. Smith v. State, 963 N.E.2d 1110, 1112 (Ind. 2012). A trial court's probation decision is subject to review for abuse of discretion. Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. Id. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. Id. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke it. Id.

## DISCUSSION

A person's probation may be revoked if "the person has violated a condition of probation during the probationary period." Ind. Code § 35-38-2-3(a)(1). In order to obtain a revocation of probation, "the state must prove the violation by a preponderance of the evidence." Ind. Code § 35-38-2-3(f). The violation of a single condition of probation is sufficient to revoke probation. Wilson v. State, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

Brisker argues that the State did not produce sufficient evidence to prove by a preponderance of the evidence that he "committed the crime of possessing a handgun as a serious violent felon because the *corpus delicti* was not established by proof independent of [his] confession to police." Appellant's Brief at 8. He contends that, "[i]n this case, the only evidence set forth at the hearing that [he] had possessed a handgun was [his] admission to Detective Chamberlin that [he] had had the gun in his possession about a week earlier and that he had played with and examined the gun at that time." Id. at 9 (citation and internal quotation marks omitted). He posits that "a gun's presence establishes nothing about its history or who may have possessed it before it was located." Id. at 9-10.

The State points to Officer Gehrke's testimony that Brisker was bent over in his seat and soon thereafter a handgun was recovered from under the seat, and to Detective Chamberlin's testimony that Brisker admitted to possessing and handling the handgun and claimed that he did so in order to sell it for Hendrickson. The State further argues that Brisker's claim that the *corpus delicti* rule applies is without merit and that Brisker's "assertion that the recovered handgun itself is not *corpus delicti* is patently absurd," that "the 'body of the crime' was the recovery of the silver metallic handgun—the same handgun that [Brisker] admitted to having possessed and handled—from the vehicle." Appellee's Brief at 7-8.

The requirement that a probationer obey federal, state, and local laws is automatically a condition of probation by operation of law. Williams v. State, 695 N.E.2d 1017, 1019 (Ind. Ct. App. 1998); Ind. Code § 35-38-2-1(b) ("If the person

commits an additional crime, the court may revoke the probation."). When the alleged probation violation is the commission of a new crime, the State does not need to show that the probationer was convicted of a new crime. Whatley v. State, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). The allegation that a probationer has violated probation has only to be proven "by a preponderance of the evidence." Id.

To the extent Brisker argues that the *corpus delicti* was not established and that the gun's presence does not establish who may have possessed it before it was discovered, we observe that the gun was recovered by police from under the driver's seat of the vehicle. While the officers did not testify that they observed the gun in Brisker's hands, testimony was presented that Brisker was bent over near the floorboard when Officer Gehrke initiated the traffic stop and that Brisker told Detective Chamberlin that he had held and handled the gun the previous week, that his fingerprints and DNA would be on the gun, and that he had attempted or agreed to sell the gun for Hendrickson.

A reasonable inference from the evidence presented is that Brisker was in possession of the gun discovered under the truck's seat by police. We also note that a probation hearing is civil in nature and that the State need prove the alleged violations by only a preponderance of the evidence. See Smith, 963 N.E.2d at 1112; see also Shumaker v. State, 431 N.E.2d 862, 863 (Ind. Ct. App. 1982) (noting that Shumaker argued that his statements to his probation officer describing various crimes were erroneously admitted and that before such statements are admissible the State must establish a *corpus delicti*, and holding that because a trial court need find only that an

8

arrest is reasonable and that there is probable cause for belief that a defendant violated a criminal law, Shumaker's statements were admissible absent a *corpus delicti*).

Based upon the record, we conclude that the court as the finder of fact could reasonably conclude by a preponderance of the evidence that while on probation Brisker committed the new offense of unlawful possession of a firearm by a serious violent felon as a class B felony. Accordingly, the trial court did not abuse its discretion in revoking Brisker's probation.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

ROBB, J., and BARNES, J., concur.