Walker L. WHATLEY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0509–CR–897.

Court of Appeals of Indiana.

May 23, 2006.

Christina Rose Klineman, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

ROBB, Judge.

Walker Whatley appeals the revocation of his probation. We affirm.

### Issues

Whatley raises two issues for our review, which we restate as follows:

1. Whether the trial court properly took judicial notice of a probable cause affidavit during Whatley's probation revocation hearing; and

2. Whether the State presented sufficient evidence to support the revocation of Whatley's probation.

### Facts and Procedural History

On February 5, 2002, Whatley pled guilty to possession of cocaine and a firearm, a Class C felony. The trial court sentenced Whatley to eight years incarceration with six years suspended, and placed him on probation for one year. On August 7, 2003, while on probation, Whatley was arrested and charged with dealing in cocaine, a Class B felony, and possession of cocaine, a Class D felony. These charges were filed in Marion County Superior Court Criminal Division 20, Judge William Young presiding. As a result of Whatley's arrest and the charges against him, the State filed a notice of probation violation on August 19, 2003.

A probation revocation hearing was held on August 25, 2005. The hearing was held before Judge Young in Marion County Superior Court Criminal Division 20, the same court where criminal charges had been filed against Whatley. At the hearing, the State asked the trial court to take judicial notice of a probable cause affidavit authored and signed by Detective Brady Ball, which related the events surrounding Whatley's arrest for possession of cocaine and dealing in cocaine. In the affidavit,

Detective Ball stated that on August 5, 2003, he executed a search warrant at Whatley's residence in Indianapolis. In a dresser drawer in a locked bedroom, Detective Ball found a plastic bag of cocaine. In that same dresser drawer was a copy of Whatley's probationer information, and a notice of probation violation that had been sent to Whatley. Whatley was not at home during the execution of the search warrant. Detective Ball stated that he later located Whatley at Wishard Hospital. Detective Ball determined that Whatley was in possession of a key that would unlock the bedroom door where the cocaine was found. When Detective Ball asked Whatley about the cocaine, Whatley admitted that the cocaine was his, and said that he was selling it to support his family.

The trial court granted the State's request to take judicial notice of the probable cause affidavit. Whatley then proceeded to introduce evidence which he claimed cast doubt on the reliability of the probable cause affidavit and the overall merits of the charges against him. This evidence included a transcript of a ̇ hearing on a motion to suppress, his emergency room records, a custodial interrogation form, and a police report filed in the arrest, which corresponds closely with the probable cause affidavit, except the report did not state that Whatley admitted to selling cocaine.

The trial court found that there was probable cause to believe by a preponderance of the evidence that Whatley committed a crime, and thus, was in violation of his probation. The trial court revoked Whatley's probation and ordered him to serve his previously suspended sentence of six years. This appeal ensued.

### Discussion and Decision
#### I. Standard of Review

■ Whatley argues that the trial court erred in revoking his probation. We review a trial court's decision to revoke probation for an abuse of discretion. *Rosa v. State*, 832 N.E.2d 1119, 1121 (Ind.Ct.App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." *Id.*

#### II. Judicial Notice

■ Whatley first contends that the trial court erred when it took judicial notice of the probable cause affidavit written by Detective Ball. Our supreme court has previously stated:

> [W]hile it is widely recognized that a trial court may not take judicial notice of its own records in another case previously before the court even on a related subject with related parties, this rule should not be fully applicable in probation revocation hearings. Given the nature of a revocation proceeding, to require technical procedural and evidentiary rules similar to those required at the pretrial and trial phases of our criminal justice system would unduly burden revocation proceedings.

*Henderson v. State*, 544 N.E.2d 507, 513 (Ind.1989) (quoting *Szymenski v. State*, 500 N.E.2d 213, 215 (Ind.Ct.App.1986)) (citations omitted).

Whatley argues that the trial court could not take judicial notice of the probable cause affidavit because it was a record from another case previously before the court, namely the criminal proceedings filed against him for dealing in and possession of cocaine. However, as our supreme court stated in *Henderson*, the rule barring a trial court from taking judicial notice of other cases previously before that court has not been applied to probation revocation hearings. Therefore, the trial court did not err in taking judicial notice of the probable cause affidavit.

■ Whatley also argues that the trial court erred in taking judicial notice of the probable cause affidavit because it was hearsay and lacked sufficient indicia of reliability. The probable cause affidavit was hearsay because it was an out of court statement offered into evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Nevertheless, Evidence Rule 101(c)(2) provides that the rules of evidence do not apply in proceedings relating to probation. Additionally, our supreme court has held that in probation revocation hearings, trial court judges may consider any relevant evidence bearing some substantial indicia of reliability, including reliable hearsay. *Cox v. State*, 706 N.E.2d 547, 551 (Ind.1999).

In *Baxter v. State*, 774 N.E.2d 1037, 1044 (Ind.Ct.App.2002), *trans. denied,* we concluded that a probable cause affidavit that was not prepared and signed by the officer who was listed as the affiant did not bear substantial indicia of reliability, and therefore, the trial court erred in admitting it into evidence at a probation revocation hearing. Unlike in *Baxter,* the probable cause affidavit here was prepared and signed by Detective Ball while under oath, and contained relevant evidence concerning Whatley's violation of his probation by dealing in and possession of cocaine. Therefore, the probable cause affidavit prepared by Detective Ball bears substantial indicia of reliability such that the trial court did not err in taking judicial notice of it.

### III. Sufficiency of Evidence

■ Whatley next argues that the State did not present sufficient evidence to support the revocation of his probation. A probation revocation hearing is in the nature of a civil proceeding. *Marsh v. State*, 818 N.E.2d 143, 148 (Ind.Ct.App.2004). Therefore, an alleged violation of probation only has to be proven by a preponderance of the evidence. *Id.* When we review the determination that a probation violation has occurred, we neither reweigh the evidence nor reassess witness credibility. *Id.* "Instead, we look at the evidence most favorable to the probation court's judgment and determine whether there is substantial evidence of probative value supporting revocation. If so, we will affirm." *Id.* When, as here, the alleged probation violation is the commission of a new crime, the State does not need to show that the probationer was convicted of a new crime. *Richeson v. State*, 648 N.E.2d 384, 389 (Ind.Ct.App.1995), *trans. denied.* The trial court only needs to find that there was probable cause to believe that the defendant violated a criminal law. *Id.*

Whatley notes that in revoking his probation, the trial court principally relied upon the evidence contained in the probable cause affidavit. He argues that this evidence alone was insufficient to revoke his probation because he introduced evidence that cast doubt on the reliability of the probable cause affidavit and the credibility of its author, Detective Ball.

Whatley's argument asks us to reweigh the evidence, which we will not do. The evidence contained in the probable cause affidavit alone was sufficient to permit the trial court to conclude that there was probable cause to believe that Whatley violated a criminal law. The probable cause affidavit revealed that Detective Ball found cocaine in a dresser drawer in a locked bedroom in Whatley's house. Inside the dresser drawer where the cocaine was discovered, Detective Ball found a copy of Whatley's probationer information, and a notice of probation violation that had been mailed to Whatley. Detective Ball later determined that Whatley was in possession of a key that would unlock the bedroom door where the cocaine was found. Whatley also admitted to Detective Ball that the cocaine belonged to him, and that he was

selling it to support his family. Therefore, the State introduced sufficient evidence to support the trial court's revocation of Whatley's probation.

*Conclusion*

The trial court did not err in taking judicial notice of the probable cause affidavit, and the State presented sufficient evidence to support the trial court's revocation of Whatley's probation. The order revoking Whatley's probation is therefore affirmed.

Affirmed.

SHARPNACK, J., and NAJAM, J., concur.