**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 22 2014, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PAUL J. PODLEJSKI**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTONIO D. JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1305-CR-241 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-9902-CF-40

**January 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Antonio D. Johnson appeals the trial court's revocation of his probation. Johnson raises two issues on appeal: 1) whether there was sufficient evidence to support a finding of a probation violation; and 2) whether the trial court abused its discretion in revoking five years of Johnson's sentence that had been suspended to probation. Concluding that there was sufficient evidence to support the revocation and the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

In 1999 Johnson pleaded guilty to criminal confinement, attempted robbery, and pointing a firearm, under the current cause number, and was sentenced to ten years. At the same time, he also pleaded guilty to crimes under two or three other cause numbers and was sentenced for those crimes as well. He was incarcerated from that time until September 2012, at which point he was placed on a five-year period of probation.

In March 2013 the State filed a Notice of Violation of Probation alleging that Johnson had committed criminal confinement as a Class C felony and battery resulting in bodily injury as a Class A misdemeanor. The notice alleged that he was in violation of a condition of his probation requiring him not to violate the laws of Indiana or the United States or to fail to behave well in society.

These allegations stemmed from an incident at the beginning of March 2013 in which Johnson and his sister, Tenicia Johnson ("Tenicia"), apparently confronted their father, Charles Johnson ("Charles"), about an affair that Charles was having. The confrontation ended with Johnson and Tenicia beating Charles. Anderson Police Department Officer Brian Gehrke responded to the incident, and testified that when he

arrived, Charles was covered in blood, still bleeding, and had a badly swollen eye. Charles told Officer Gehrke that Johnson and Tenicia had inflicted the injuries and prevented him from leaving the house while they were doing so. Inspection of the house where the incident occurred revealed blood on the arm of a couch and on the floor.

In April 2013 a hearing was held on the probation revocation, and both Officer Gehrke and Charles testified. At the end of the hearing, the court found that the evidence satisfied a preponderance of the evidence standard and that Johnson had violated his probation by failing to behave well in society—specifically, by committing the new criminal offenses of confinement and battery resulting in bodily injury. The court sanctioned Johnson by revoking five years of his previously suspended sentence, with four years to be served with the Department of Correction and one year to be served at a work release facility. This appeal followed.

### Discussion and Decision

#### I. Sufficiency of the Evidence

#### A Standard of Review

A probation revocation hearing is in the nature of a civil proceeding, and an alleged violation of probation needs only to be proven by a preponderance of the evidence. Whatley v. State, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). In reviewing a determination that a violation has occurred, we do not reweigh the evidence or reassess witness credibility. Id. We look to the evidence most favorable to the trial court's determination, and decide whether there is substantial evidence of probative value supporting revocation. Id. If so, we will affirm. Id. Where the alleged violation is the

commission of a new crime, the trial court needs only to find that there was probable cause to believe that the defendant violated criminal law. Id.

### B. Evidence Supporting Johnson's Revocation

Johnson argues that there was insufficient evidence to meet the preponderance of the evidence standard because "[t]he only evidence presented at the evidentiary hearing to support a finding of a violation of probation was Officer Gehrke's and the victim's testimony." Appellant's Br. at 9. The State correctly notes that Johnson seems to only contest the evidence supporting the crime of confinement but not the crime of battery, and that the battery alone would be enough to support a finding of violation of probation. Moreover, we disagree that there was insufficient evidence to support the confinement allegation—or, for that matter, the battery.

Officer Gehrke testified that when he arrived on the scene, Charles was covered in blood and his eye was almost swollen shut, there was blood at the residence, and Charles indicated that Johnson and Tenicia had kept him from leaving the house as they were attacking him. Charles also testified as to the injuries he sustained, that Johnson and Tenicia "beat[] the crap out of [him]," and "they held [him] in confinement and wouldn't let [him] leave." Tr. at 17-18. Charles testified that there are three exit doors at the house where the incident occurred, but that Johnson and Tenicia blocked two of them, and he could not use the third door because he "was threatened if [he] went outside that there would be more repercussions." Id. at 22.

We conclude that the testimony of both the investigating officer and the victim was more than sufficient to meet the preponderance standard and that there was therefore

4

sufficient evidence to support the revocation of Johnson's probation for committing an offense.

## II. Revocation of Probation

### A. Standard of Review

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines probation, and may revoke probation if the conditions of probation are violated. Id.; see Ind. Code § 35-38-2-3. Proof of a single violation of the conditions of probation is enough for the trial court to revoke probation. Bussberg v. State, 827 N.E.2d 37, 44 (Ind. Ct. App.2005), trans. denied. A trial court's sentencing decisions for probation violations are reviewed for an abuse of discretion. Prewitt, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id.

### B. Johnson's Revocation

Johnson argues that because he had successfully completed parole in the underlying case, and this was his first probation violation, the trial court abused its discretion in revoking his probation. There is nothing, however, that prevents the trial court from revoking probation on the first violation. See Ind. Code § 35-38-2-3(a) ("The court may revoke a person's probation if: (1) the person has violated a condition of probation during the probationary period; and (2) [timing requirements are met for the filing of the petition to revoke]."). We also note that Johnson has a long history of criminal convictions as well as probation violations in other causes, and the court was concerned about the timing and nature of this offense, saying that one of the worst

5

violations is to "be accused or arrested for a new criminal offense . . . [and] the Court [is] concern[ed] that you've really been out for a relatively short period of time and we've got . . . some really serious matters again that you're dealing with." Transcript at 28. Our standard of review here is not whether we would have done things differently, but whether the trial court abused its discretion, which here we conclude it did not.

Johnson argues that revoking five years of his suspended sentence was unduly harsh. However, Indiana Code section 35-38-2-3(h)(3) allows that, if the court finds that a person has violated a condition of probation, the court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." The court was well within bounds when it revoked five years of Johnson's previously suspended sentence.

Johnson also argues that the trial court abused its discretion by "not giv[ing] any weight to the fact that this was a family affair." Appellant's Brief at 8. However, we do not see how the fact that the victim was his father would go against revocation. The trial court stated at the hearing that, "given the safety concerns of the community and given what you're on probation for and the seriousness of the underlying offense, those are just factors the Court just cannot simply ignore at this point and not take into consideration in determining the appropriate sanctions for you today." Tr. at 29.

We conclude that the trial court did not abuse its discretion in revoking Johnson's probation or in sanctioning him by revocation of five years of his previously suspended sentence.

<u>Conclusion</u>

Concluding that there was sufficient evidence to support the revocation, and that the trial court did not abuse its discretion in revocation of five years of his previously suspended sentence, we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.