**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Oct 08 2014, 9:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VELDON THOMPSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1402-CR-60 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-1103-FB-430

**October 8, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On August 17, 2011, Appellant-Defendant Veldon Thompson was convicted of Class B felony dealing in cocaine. He was subsequently sentenced to twelve years with six years suspended to probation. On May 9, 2013, Thompson began serving his six-year term of probation. On December 6, 2013, Appellee-Plaintiff the State of Indiana ("State") filed a notice of probation violation in which it alleged that Thompson had violated the terms of his probation by (1) committing the new criminal offense of Class B felony dealing in cocaine, (2) failing to pay probation fees, and (3) failing to successfully complete recommendations for substance abuse treatment. Following a probation revocation hearing, the trial court found that Thompson had violated the terms of his probation by committing the new offense of Class B felony dealing in cocaine and by failing to complete substance abuse treatment. Upon finding that Thompson had violated the terms of his probation, the trial court revoked Thompson's probation. On appeal, Thompson contends that the trial court abused its discretion in finding that he had violated the terms of his probation. Concluding otherwise, we affirm.

## FACTS AND PROCEDURAL HISTORY

On August 17, 2011, Thompson was convicted of Class B felony dealing in cocaine. He was subsequently sentenced to twelve years with six years suspended to probation. On May 9, 2013, Thomson began serving his six-year term of probation. On or about December 2, 2013, Thompson was arrested after he was found in possession of approximately nine grams of cocaine. Thompson was subsequently charged under Cause Number 48C06-1312-

2

FB-2301 with Class B felony dealing in cocaine.

On December 6, 2013, the State filed a notice of probation violation in which the State alleged that Thompson had violated the terms of his probation by (1) committing the new criminal offense of Class B felony dealing in cocaine, (2) failing to pay probation fees, and (3) failing to successfully complete recommendations for substance abuse treatment. The trial court conducted a probation revocation hearing on January 13, 2014, at the conclusion of which it found that Thompson had violated the terms of his probation by committing the new offense of Class B felony dealing in cocaine and by failing to complete substance abuse treatment. Upon finding that Thompson had violated the terms of his probation, the trial court revoked Thompson's probation and ordered him to serve his previously-suspended six-year sentence. This appeal follows.

## DISCUSSION AND DECISION

Thompson contends that the trial court abused its discretion in finding that he had violated the terms of his probation.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations and quotation marks omitted).

3

A probation revocation hearing is in the nature of a civil proceeding. Therefore, an alleged violation of probation only has to be proven by a preponderance of the evidence. When we review the determination that a probation violation has occurred, we neither reweigh the evidence nor reassess witness credibility. Instead, we look at the evidence most favorable to the [trial] court's judgment and determine whether there is substantial evidence of probative value supporting revocation. If so we will affirm.

*Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (citations and quotations omitted).

Indiana Code section 35-38-2-3 provides, in relevant part, as follows:

(a) The court may revoke a person's probation if:
    (1) the person has violated a condition of probation during the probationary period;
                            **\*\*\*\***
(h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
    (1) Continue the person on probation, with or without modifying or enlarging the conditions.
    (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
    (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

The trial court found that Thompson violated the terms of his probation by committing the new criminal offense of Class B felony dealing in cocaine and failing to complete substance abuse treatment. In claiming that the trial court abused its discretion in finding that he violated the terms of his probation, Thompson does not challenge the trial court's finding

4

that he violated the terms of his probation by committing a new criminal act. Thompson challenges only the trial court's finding that he violated the terms of his probation by failing to successfully complete substance abuse treatment. Thompson argues that the trial court abused its discretion in finding that he violated the terms of his probation "[b]ecause one of the two grounds upon which his violation of probation was based was invalid." Appellant's Br. p. 7. We disagree.

Here, we need not consider the validity of the trial court's finding regarding Thompson's alleged failure to complete substance abuse treatment because the record supports a finding that Thompson violated the terms of his probation by committing the new criminal offense of Class B felony dealing in cocaine, which Thompson does not dispute. Again, the violation of a single condition of probation is sufficient to revoke probation. *Wilson*, 708 N.E.2d at 34. Accordingly, because the record sufficiently proves that Thompson did, in fact, violate the terms of his probation by committing a new criminal offense, we conclude that the trial did not abuse its discretion in this regard.[1]

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.

---

[1] Furthermore, we are unconvinced by Thompson's claim that the trial court abused its discretion in finding that he violated the terms of his probation because "it is possible that with only one violation of [his] probation, the trial court may have simply continued his probation with or without some modification. It is even possible that the trial court may have had some question as to whether that violation warranted revocation of probation." Appellant's Br. p. 10 (quotation omitted). Thompson does not argue on appeal that the trial court abused its discretion in imposing any particular sanction as a result of its finding that he violated the terms of his probation. Thompson merely argues that the trial court abused its discretion by finding that he had violated the terms of his probation. We are convinced that the trial court would have reached the same conclusion, *i.e.*, that Thompson had violated the terms of his probation, if the trial court only considered Thompson's act of committing a new criminal offense.