**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 12 2014, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BERNICE A. N. CORLEY**
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

NATHANIEL HARRIS,         )
         )
    Appellant-Defendant,    )
         )
    vs.      )    No. 49A04-1405-CR-205
         )
STATE OF INDIANA,      )
         )
    Appellee-Plaintiff.    )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Collins, Senior Judge
Cause No. 49F18-1002-FD-10474

**November 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On April 12, 2013, Appellee-Plaintiff the State of Indiana ("State") charged Appellant-Defendant Nathaniel Harris with Class D felony operating a motor vehicle while being a habitual traffic violator. Harris was subsequently placed on probation after he pled guilty to the above-stated charge. Harris was subsequently alleged to have violated the terms of his probation. Following a probation revocation hearing, the trial court found that Harris had violated the terms of his probation by failing to report to the Marion County Probation Department (the "probation department") as directed. On appeal, Harris contends that the trial court abused its discretion in ordering him to serve the remaining 541 days of his previously-suspended, 545-day sentence. Concluding otherwise, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On February 10, 2010, the State charged Harris with Class D felony operating a motor vehicle while being a habitual traffic violator. On June 3, 2010, Harris pled guilty to the above-stated charge. In exchange for Harris's guilty plea, the State agreed to recommend a sentence of 545 days with credit for time served and all remaining days suspended to supervised probation. On July 8, 2010, the trial court accepted Harris's guilty plea and sentenced him in accordance with the plea agreement. Pursuant to the terms of his probation, Harris was ordered to report to and cooperate with the probation department as directed. He was also ordered to submit to drug screening as directed.

On December 9, 2011, the State filed a notice of probation violation, in which it alleged that Harris had violated the term of his probation by failing to submit to multiple drug

2

screens and by failing to meet his court ordered financial obligation. On February 6, 2012, the State amended its notice of probation violation to include eight new allegations that Harris had violated the terms of his probation by failing to submit to drug screens. The trial court was subsequently informed that Harris had been convicted in Johnson County of driving while his license was suspended and sentenced to 545 days in the Department of Correction. On March 2, 2012, the trial court conducted a probation revocation hearing, during which Harris admitted that he had violated the terms of his probation. The trial court sentenced him to thirty days but tolled its order until Harris served his sentence in Johnson County. The trial court also ordered Harris to report to the probation department upon his release from incarceration in relation to his Johnson County sentence.

Harris failed to report to the probation department as ordered upon his release from incarceration. On January 14, 2014, the State filed a second petition to revoke or modify probation, in which it alleged that Harris had failed to appear for a status conference, had failed to report to the probation department as directed and that his current whereabouts were unknown. The trial court conducted a probation revocation hearing on April 11, 2014. During the probation revocation hearing, Harris admitted that he had violated the terms of his probation by failing to report to the probation department as directed. At the conclusion of the hearing, the trial court found that Harris had violated the terms of his probation by failing to report to the probation department as directed. Upon finding that Harris had violated the terms of his probation, the trial court revoked Harris's probation and ordered him to serve the remaining 541 days of his previously-suspended, 545-day sentence. This appeal follows.

**DISCUSSION AND DECISION**

Harris contends that the trial court abused its discretion in ordering him to serve the remaining 541 days of his previously-suspended, 545-day sentence.

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citations and quotation marks omitted).

> A probation revocation hearing is in the nature of a civil proceeding. Therefore, an alleged violation of probation only has to be proven by a preponderance of the evidence. When we review the determination that a probation violation has occurred, we neither reweigh the evidence nor reassess witness credibility. Instead, we look at the evidence most favorable to the [trial] court's judgment and determine whether there is substantial evidence of probative value supporting revocation. If so we will affirm.

*Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (citations and quotations omitted).

Indiana Code section 35-38-2-3 provides, in relevant part, as follows:

(a) The court may revoke a person's probation if:
   (1) the person has violated a condition of probation during the probationary period;
                            ****
(h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

4

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999).

Here, Harris admitted, and the trial court found, that he violated the terms of his probation by failing to report to the probation department. The trial court accepted Harris's admission and ordered him to serve the remaining 541 days of his previously-suspended sentence. In ordering Harris to serve all of the remaining 541 days of his previously-suspended sentence, the trial court specifically noted that it would not place Harris in community corrections due to his prior failures to successfully complete his prior placements in community corrections.

In arguing that the trial court abused its discretion in ordering him to serve the remaining 541 days of his previously-suspended, 545-day sentence, Harris claims that imposing his entire previously-suspended sentence does not place value on his efforts to reform his behavior. Harris argues that he was benefiting from probation. Specifically, he notes that he had not committed any new criminal offenses while on probation and asserts that he was paying child support, was employed, and had completed some terms of his probation. Harris, however, ignores the fact that he had previously violated the terms of his probation by failing to submit to numerous drug screens and that the instant violation stems

5

from his failure to report to the probation department immediately after he was released from the Department of Correction in an unrelated criminal matter in which he was convicted in February of 2012, *i.e.*, after he was placed on probation in the instant matter. In essence, Harris is merely requesting this court to substitute our judgment for that of the trial court, which we will not do without a showing of an abuse of the trial court's discretion.

Indiana Code section 35-38-2-3(h) provides that if the trial court determines that a person has violated the terms of their probation, the trial court may "[o]rder execution of *all* or part of the sentence that was suspended at the time of initial sentencing." (Emphasis added). Thus, pursuant to the clear language of Indiana Code section 35-38-2-3(h), the trial court acted within its discretion in ordering execution of the remaining 541 days of Harris's suspended sentence. Concluding that the trial court did not abuse its discretion in ordering Harris to serve the remaining 541 days of his suspended sentence following his violation of the terms of his probation, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.