## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Jonathon T. Cook
Sansberry Dickmann Freeman Builta & Cook
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Thompson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

**May, Judge.**

March 27, 2015

Court of Appeals Case No.
48A02-1408-CR-547

Appeal from the Madison Superior Court; The Honorable Dennis D. Carroll, Judge;
48D01-1105-FB-828

[1] Michael Thompson appeals the revocation of his probation. Thompson argues the evidence was insufficient to prove he violated his probation.

[2] We affirm.

## Facts and Procedural History

[3] Thompson pled guilty to Class B felony burglary[1] and Class D felony theft.[2] On August 17, 2011, the court sentenced Thompson to a total of fourteen years, with six years executed in the Department of Correction and eight years suspended. On January 9, 2014, Thompson began probation.

[4] On April 28, 2014, the State charged Thompson with Class A misdemeanor battery.[3] A few days later, the State filed a notice of probation violation.

[5] At the revocation hearing, the State called Officer Zane Sparks. Officer Sparks testified he had been dispatched after receiving a report of a battery. He found Chelsey Smith, Thompson's ex-girlfriend, with bruising and swelling on the left side of her face. She had grass stains on her pants and she was "very shook up." (Tr. at 9.)

[6] Smith told Officer Sparks that she and Thompson had been loading items into her car when she became afraid of him because of behavior she had seen during

---

[1] Ind. Code § 35-43-2-1(B)(i) (1999).

[2] Ind. Code § 35-43-4-2(a) (2009).

[3] Ind. Code § 35-42-2-1(a)(1).

previous acts of domestic violence.  Smith tried to drive away, but Thompson convinced her to let him remove his belongings from her car before she left. After Thompson removed his belongings, Smith tried to get in her vehicle, but Thompson slammed the car door on her back.  Smith pushed Thompson away from her; he responded by grabbing Smith by the hair, throwing her to the ground, and hitting her face with a closed fist.  Smith managed to get into her car and drive to a friend's house where she called police.  Smith identified Thompson as her assailant and gave Officer Sparks his description and birthdate.  Officer Sparks testified Smith's injuries were consistent with her story.

[7]    Thompson objected to Officer Sparks' testimony as hearsay that denied Thompson his right to confront Smith.[4]  The court overruled Thompson's objection on the ground Smith's statement as relayed by Officer Sparks bore substantial indicia of trustworthiness based on the timing of Smith's statement to Officer Sparks, the corroborating evidence she provided, her demeanor, and her injuries consistent with her statement.

[8]    Thompson testified he grabbed Smith's hair in self-defense.  The court found Thompson violated a condition of his probation by committing battery and revoked his probation.

---

[4] Smith was subpoenaed but did not appear at the hearing.

## Discussion and Decision

[9] Probation is not a right to which a criminal defendant is entitled, but a matter of grace left to trial court discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). We review a decision to revoke probation under an abuse of discretion standard. *Whatley v. State*, 847 N.E.2d 1007, 1009 (Ind. Ct. App. 2006). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Id*. A probation hearing is in the nature of a civil proceeding and a violation of probation need be proven by only a preponderance of the evidence. *Id*. at 1010. A trial court need find only that there is probable cause to believe the defendant violated criminal law. *Id*. We will consider all the evidence most favorable to the judgment of the trial court without reweighing the evidence or judging the credibility of the witnesses. *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999).

[10] The court revoked Thompson's probation because he committed another crime when he battered Smith. The only evidence of the battery was the testimony of Officer Sparks, who was permitted to testify as to Smith's report of the crime. Thus, Thompson challenges Officer Sparks retelling of Smith's report.

[11] Our Indiana Supreme Court addressed the admission of hearsay evidence in probation revocation hearings in *Reyes v. State*, 868 N.E.2d 438 (Ind. 2007).[5] In

---

[5] Thompson's first argument relies on Ind. Evidence Rule 803, however, according to Ind. Evidence Rule 801(d)(2) the rules of evidence do not apply to probation revocation hearings.

revocation hearings, trial courts are empowered to admit hearsay evidence if it meets the substantial trustworthiness test. *Id.* at 443. But such evidence may not be admitted "willy-nilly." *Id.* at 440. Ideally, courts should explain on the record why hearsay evidence is reliable and why the reliability is sufficiently substantial to supply good cause for not producing a live witness. *Id.* at 442 (quoting *United States v. Kelley*, 446 F.3d 688, 693 (7th Cir. 2006)). The right to confront witnesses in a probation revocation hearing is a limited right based on minimum due process. *Smith v. State*, 971 N.E.2d 86, 91 (Ind. 2012).

[12] The trial court explained on the record that Smith's report to Officer Sparks was substantially trustworthy because her injuries and physical appearance were consistent with her statement to Officer Sparks. In addition, Smith provided information about Thompson, such as his name and date of birth, which were later corroborated. The trial court explained that Smith's statements appeared reliable because they were made when she was still under the stress of the battery and therefore more likely to be telling the truth. Finally, Thompson admitted at the probation revocation hearing that he pulled Smith's hair during a physical altercation with Smith on the date in question. Smith's report to Officer Sparks is substantially reliable to permit its introduction despite her absence. *See, e.g., Smith,* 971 N.E.2d at 92 (finding no violation of due process right to confrontation when the evidence supports the trial court's finding that the hearsay was substantially trustworthy).

# Conclusion

[13]     The court did not abuse its discretion by admitting Smith's statements to Officer Sparks.  Accordingly, the evidence was sufficient to support the revocation of Thompson's probation, and we affirm.

[14]     Affirmed.


Barnes, J., and Pyle, J., concur.