## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2015, 8:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard L. Berg, Jr., *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 31, 2015 <br><br> Court of Appeals Case No. 34A05-1506-CR-533 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Jr., Judge <br><br> Trial Court Cause No. 34D01-1302-FB-159 |

**Kirsch, Judge.**

[1] Richard L. Berg, Jr. appeals the revocation of his probation, contending that the evidence was insufficient for the trial court to find that he violated the conditions of his probation by committing a new crime.

[2] We affirm.

## Facts and Procedural History

[3] Berg pleaded guilty under a written plea agreement to Class D felony maintaining a public nuisance. The trial court accepted his guilty plea and, on July 10, 2013, sentenced him to 1095 days in the Indiana Department of Correction with 262 days executed and 833 days suspended to probation.[1] Berg had served the 262 days while awaiting trial and, therefore, was immediately placed on probation.

[4] The conditions of supervised probation included, in pertinent part: "Violation of any law (city, state, or federal) is a violation of your probation; within forty-eight (48) hours of being arrested or charged with a new criminal offense, you must contact your Probation Officer." *Appellant's App.* at 66. One year later, on July 18, 2014, Berg was charged under Cause Number 34D04-1407-FB-110 ("Cause 110") with three counts of Class B felony sexual misconduct with a

---

[1] The trial court initially entered a Sentencing Order on July 3, 2013. Later, noting it erred by classifying Berg's conviction for maintaining a common nuisance as a Class B felony instead of a Class D felony, the trial court entered an Amended Sentencing Order on July 10, 2013. *Appellant's App.* at 38, 40.

minor and three counts of Class B felony incest.[2]  The State filed a petition to revoke Berg's suspended sentence on August 5, 2014, contending that he had violated the terms of his probation.

[5]     At Berg's request, he was given a psychological evaluation in connection with Cause 110.  The evaluation report ("the Report") was filed with the trial court in this revocation proceeding ("probation court") on December 22, 2014.[3]  The Report referenced that Berg had been charged with six Class B felonies under Cause 110—acts alleged to have occurred between Berg and his minor daughter during the time period of March through May 2014.  *Appellant's App.* at 9, 86-87.  Berg was tried to a jury under Cause 110 and found guilty on April 22, 2015 of three counts of Class B felony sexual misconduct with a minor and three counts of Class B felony incest; the trial court sentenced him to an aggregate executed term of forty years.

[6]     On May 14, 2015, about a month after he was convicted under Cause 110, the probation court held a fact-finding hearing to determine whether Berg had violated his probation.  During that hearing, the probation court admitted the State's certified copies of Berg's six guilty verdicts in Cause 110 and agreed, "The court will take judicial notice of the proceedings in connection with this case."  *Tr.* at 4.  Based on that evidence, the probation court found by a

---

[2] Berg was also charged with Class D felony battery by body waste.  While the outcome of that charge is not in the record before us, that information is not necessary for the resolution of this appeal.

[3] The Report was also filed with the trial court in Cause 110 on November 20, 2014.  *Appellant's App.* at 86.

preponderance of the evidence that Berg had violated the terms of his probation.

[7] At the May 27, 2015 sentencing hearing for the probation revocation, defense counsel informed the probation court that Berg had received a forty-year sentence in Cause 110 and the probation court took judicial notice of the presentence investigation report in connection with that case. *Id*. at 7, 8. At the close of the hearing, the probation court revoked Berg's suspended sentence and ordered him to serve the remainder of his 833-day suspended sentence, minus credit for days served. The probation court ordered that the sentence imposed for the probation revocation be served consecutive to the sentence imposed in Cause 110. Berg now appeals

## Discussion and Decision

[8] Probation conditions and whether to revoke probation when those conditions are violated are matters left to the discretion of the trial court. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). A probation revocation hearing is in the nature of a civil proceeding. *Cain v. State*, 30 N.E.3d 728, 732 (Ind. Ct. App. 2015), *trans. denied*. Accordingly, an alleged violation of probation only has to be proven by a preponderance of the evidence. *Id*. When we review the determination that a probation violation has occurred, we neither reweigh the evidence nor reassess witness credibility. *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). Instead, we look at the evidence most favorable to the probation court's judgment and determine whether there is substantial

evidence of probative value supporting revocation. *Id.* (quotation marks omitted). If so, we will affirm. *Id.* When, as here, the alleged probation violation is the commission of a new crime, the State does not need to show that the probationer was convicted of a new crime. *Id.* "The trial court only needs to find that there was probable cause to believe that the defendant violated a criminal law." *Id.*

[9] Berg contends that there was insufficient evidence that he committed a new crime while on probation because the guilty verdicts from Cause 110—the only evidence introduced during the fact-finding hearing—contained no information as to when the new crimes were committed. Berg offers that the failure of the State to present any evidence about the date the alleged new crimes were committed is fatal to his claim that Berg violated his probation. We disagree.

[10] Berg concedes that he was placed on probation in July 2013. *Appellant's Br.* at 1. Pursuant to his plea agreement, Berg's probation was to run 833 days, a time period of well over two years. The conditions of his probation included, "Violation of any law (city, state, or federal) is a violation of your probation; within forty-eight (48) hours of being arrested or charged with a new criminal offense, you must contact your Probation Officer." *Appellant's App.* at 66. One year later, on July 17, 2014, Berg was charged with six Class B felonies. These felonies were alleged to have been committed between March and May 2014, dates well within Berg's probationary period. On April 22, 2015, a jury found Berg guilty, under Cause 110, of three counts of Class B felony sexual

misconduct with a minor.[4] One month later, during its fact-finding hearing to determine whether Berg committed a new crime in violation of his probation, the probation court took judicial notice of the proceedings in Cause 110. Such judicial notice would have included knowledge of the dates on which the new crimes were committed—dates that were well within Berg's probationary period.

[11] The State clearly proved by a preponderance of the evidence that Berg committed a new criminal offense during his probationary period, and the probation court did not abuse its discretion when it revoked Berg's probation.

[12] Affirmed.

Mathias, J., and Brown, J., concur.

---

[4] Berg appealed the trial court's decision in Cause 110, maintaining: (1) his convictions violated the prohibition against double jeopardy; (2) there was insufficient evidence to support one of the counts of sexual misconduct with a minor; and (3) his forty-year sentence was inappropriate. *Berg v. State*, No. 34A02-1505-CR-486 (Ind. Ct. App. Dec. 7, 2015). On December 7, 2015, a panel of this court handed down its memorandum decision finding sufficient evidence to support the convictions. Our court, however, agreed with Berg that his three convictions for Class B felony incest, having been committed against the same victim as the three Class B felonies for sexual misconduct with a minor, violated the prohibitions against double jeopardy. The appellate court also found that Berg's aggregate sentence of forty years for Cause 110 was not inappropriate in light of the nature of the offense and the character of the offender.