## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 22 2016, 5:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derrick Rafael Burt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 22, 2016

Court of Appeals Case No.
48A02-1512-CR-2310

Appeal from the Madison Circuit Court

The Honorable Thomas Newman, Jr., Judge

Trial Court Cause Nos.
48D03-0701-FB-16
48D03-0612-FB-566

**Robb, Judge.**

# Case Summary and Issue

[1] In March 2015, the State filed a petition to revoke Derrick Burt's probation in two cases, alleging he violated the conditions of probation by committing new criminal offenses. The trial court revoked the previously-suspended portion of Burt's sentence in each case, ordering him to serve the entirety of his sentences in the Indiana Department of Correction. On appeal, Burt raises the sole issue of whether the trial court abused its discretion in revoking his probation. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] In late December 2006, Burt was arrested and charged with armed robbery. Less than one month later, Burt was arrested again and charged with armed robbery. Burt pleaded guilty to both charges in a single plea agreement and the trial court sentenced Burt to two consecutive twenty-year sentences. Each sentence required Burt to serve fifteen years in the Department of Correction, with five years suspended to probation.

[3] In March 2015, the trial court held a hearing on Burt's motion to modify his sentence. Burt was transferred from the Miami Correctional Facility to the Madison County Jail for his hearing. According to the probable cause affidavit, Madison County Jail officials suspected Burt of trafficking heroin into the jail. Detective Jake Brooks obtained a warrant to conduct a cavity search of Burt. The cavity search revealed a substance wrapped in latex in Burt's rectum.

Detective Brooks examined the substance and found it tested positive for heroin. Burt then told Detective Brooks he was exchanging heroin for commissary money. Detective Brooks arrested Burt and he was charged with dealing heroin as a Level 3 felony and possessing heroin as a Level 6 felony.

[4] The State filed a Notice of Violation of Suspended/Executed Sentence in both cases, alleging Burt violated the conditions of probation by committing new criminal offenses. At the probation violation hearing, the State submitted into evidence the probable cause affidavit[1] prepared and signed by Detective Brooks, without objection by Burt. Although Detective Brooks was present in court and available to testify, neither the State nor Burt called Detective Brooks to the witness stand. Neither party submitted any other evidence. At the conclusion of the hearing, the trial court revoked Burt's suspended sentence in each case, stating,

> [T]he Court finds the defendant has violated the conditions of his probation by possessing heroin. Court finds that the five (5) years suspended sentence that was originally imposed in this Court on December 10, 2007 is now revoked . . . .

Transcript at 7. Burt now appeals.

# Discussion and Decision

---

[1] Burt does not challenge the admissibility of the probable cause affidavit.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (citation omitted). "Probation may be revoked at any time for a violation of its terms. This includes revocation prior to the start of probation." *Champlain v. State*, 717 N.E.2d 567, 571 (Ind. 1999). The trial court has discretion to set probation conditions and to revoke probation upon violation of a condition. *Heaton*, 984 N.E.2d at 616. Thus, an appeal from a trial court's finding of a violation and the resulting sanction are reviewed only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances or if it is contrary to law. *Id.*

Burt's sole argument on appeal is the trial court abused its discretion by using an incorrect legal standard in determining Burt violated probation. Indiana Code section 35-38-2-3(f) sets forth the State's burden of proof regarding an allegation of violating probation:

> [T]he state must prove the violation by a preponderance of the evidence. The evidence shall be presented in open court. The person is entitled to confrontation, cross-examination, and representation by counsel.

Here, Burt argues that the trial court used a "probable cause standard," rather than a preponderance of the evidence standard, in determining he violated his probation. Appellant's Brief at 7. His argument appears to rely on two facts: first, the trial court did not specifically reference the applicable burden of proof

in its finding, and second, the only evidence advanced for the trial court's consideration was the probable cause affidavit.

[7] While Burt is correct that the trial court did not specifically state it found he violated probation "by a preponderance of the evidence," it is clear from the record the trial court was aware the parties convened for a probation violation hearing, and not a probable cause hearing. Before the hearing began, the following conversation between defense counsel and the trial court occurred:

> The Court:  It's probation violation?
> Defense Counsel:  Yes your Honor.
> The Court:  Is this a hearing or admission?
> Defense Counsel:  It's a hearing.

Tr. at 4.  In addition, Burt points to no authority requiring the trial court to state the applicable burden of proof in a probation violation hearing.

[8] Further, the trial court could easily conclude by a preponderance of the evidence Burt violated his probation.  The State alleged Burt committed two new criminal offenses in violation of the conditions of probation.  In support, it offered the signed and sworn probable cause affidavit of Detective Brooks, who had personally searched Burt and found heroin.  *See Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (holding the evidence contained in a probable cause affidavit prepared and signed by the officer who personally found evidence of a crime was sufficient to support revoking probation).  The affidavit was admitted into evidence, without objection by Burt.  Moreover, Detective Brooks was present in court and available to testify, but Burt declined

the trial court's invitation to cross-examine the detective. For these reasons, we conclude the trial court did not abuse its discretion when it found Burt violated his probation.

## Conclusion

[9] The trial court did not abuse its discretion when it revoked Burt's probation, and therefore we affirm.

[10] Affirmed.

Mathias, J., and Brown, J., concur.