# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 26 2018, 6:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William Byer, Jr.
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher McGregor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 26, 2018

Court of Appeals Case No.
48A02-1708-CR-1998

Appeal from the Madison Circuit Court

The Honorable David A. Happe, Judge

Trial Court Cause No.
48C04-1407-FA-1189

**Barnes, Judge.**

# Case Summary

[1] Christopher McGregor appeals the trial court's revocation of his placement in work release. We affirm.

# Issue

[2] McGregor raises one issue, which we restate as whether the evidence was sufficient to demonstrate that he violated a term of his work release.

# Facts

[3] In July 2014, McGregor was charged with Class A felony attempted murder, Class B felony aggravated battery, and Class D felony criminal recklessness. In April 2015, McGregor pled guilty to Class B felony aggravated battery, and the trial court sentenced him to nine years in the Department of Correction with three years suspended. The trial court ordered one year of the executed sentence to be served in a work release program.

[4] McGregor began his work release placement on April 5, 2017. In May 2017, a petition to terminate his placement in work release was filed because he was intoxicated at the work release center. The trial court found that he had violated the terms of his placement, returned him to work release, revoked one year of his suspended sentence, and ordered him to serve that additional year in the Continuum of Sanction Program.

[5] On June 26, 2017, McGregor was found with a green, leafy substance hidden in his sock. On June 28, 2017, McGregor was found with a green, leafy substance

hidden in the crotch of his underwear. When asked what the substance was, McGregor replied that it was "K2 Spice" that was left over after a previous arrest. Ex. at 9. Additionally, McGregor was alleged to have been in arrears for his work release fees. Another petition to terminate McGregor's work release was filed.

[6] At a hearing in July 2017, McGregor admitted that he was in arrears in the amount of $321.66. Regarding the possession of spice, the State called Steven Perry, case manager at the work release center, to testify. The State moved to admit Exhibits 1 and 2, which were probable cause affidavits regarding the spice incidents, and McGregor did not object to their admission. The probable cause affidavits were prepared by two different officers. Perry testified that he saw the substance officers found in McGregor's sock and that he believed it to be spice. McGregor testified that the substance found on June 26, 2017, was located in a common area, not his sock, and that the substance found on June 28, 2017, did not belong to him. The trial court found that McGregor violated the terms of his work release, revoked his suspended sentence, and ordered that his executed sentence be served in the DOC. McGregor now appeals.

## Analysis

[7] McGregor argues that the trial court erred by finding that he violated the terms of his work release. We treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). "A defendant is not entitled to serve a sentence in either probation or a community

corrections program." *Id.* "Rather, placement in either is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Id.* (quoting *Million v. State*, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995)).

> While a community corrections placement revocation hearing has certain due process requirements, it is not to be equated with an adversarial criminal proceeding. *Id.* at 549-50. Rather, it is a narrow inquiry, and its procedures are to be more flexible. *Id.* This is necessary to permit the court to exercise its inherent power to enforce obedience to its lawful orders. *Id.* Accordingly, the Indiana Rules of Evidence in general and the rules against hearsay in particular do not apply in community corrections placement revocation hearings. *See id.* at 550-51; *see also* Ind. Evidence Rule 101(c) (providing that the rules do not apply in proceedings relating to sentencing, probation, or parole). In probation and community corrections placement revocation hearings, therefore, judges may consider any relevant evidence bearing some substantial indicia of reliability. *Cox*, 706 N.E.2d at 551. This includes reliable hearsay. *Id.* The absence of strict evidentiary rules places particular importance on the fact-finding role of judges in assessing the weight, sufficiency and reliability of proffered evidence. *Id.* This assessment, then, carries with it a special level of judicial responsibility and is subject to appellate review. *Id.* Nevertheless, it is not subject to the Rules of Evidence nor to the common law rules of evidence in effect prior to the Rules of Evidence. *Id.*

> Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. *Id.* A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. *Id.* We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. *Id.* If there is substantial evidence of probative value

to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. *Id.*

*Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009).

[8]     McGregor argues that Perry did not observe the substances on McGregor and that the officers responsible for making the probable cause affidavits did not testify. McGregor relies on his own testimony that the substance in the first incident was found in a common area and that he does not know anything about the second substance. In his reply brief, he argues that the probable cause affidavits "do not comprise reliable hearsay and do not possess the requisite guarantee of reliability." Appellant's Reply Br. p. 4.

[9]     McGregor did not object to the admission of the probable cause affidavits, and we held in *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006), that a probable cause affidavit bore "substantial indicia of reliability such that the trial court did not err in taking judicial notice of it." In support of his argument that the probable cause affidavits were not reliable, McGregor relies on *Baxter v. State*, 774 N.E.2d 1037 (Ind. Ct. App. 2002), *trans. denied*. However, *Baxter* addressed an uncertified, unverified law enforcement incident report, not a probable cause affidavit. *Baxter* is not applicable here. The probable cause affidavits admitted here were substantially reliable.

[10]     The probable cause affidavits were evidence that the spice was found in McGregor's sock and underwear and that McGregor stated the spice found in

his underwear was left over from a prior arrest. McGregor's arguments to the contrary are merely requests that we reweigh the evidence, which we cannot do. There is sufficient evidence to support a reasonable inference that McGregor actually possessed spice on two occasions. McGregor also admitted that he failed to pay his required fees. The trial court did not err by finding that McGregor violated the terms of his placement in work release.

## Conclusion

[11] The trial court did not err by revoking McGregor's placement in work release. We affirm.

[12] Affirmed.

Najam, J., and Mathias, J., concur.