## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2018, 7:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan M. Gardner
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tyreoun D. Guy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 20, 2018

Court of Appeals Case No.
18A-CR-1338

Appeal from the Allen Superior
Court

The Honorable Samuel R. Keirns,
Magistrate

Trial Court Cause No.
02D06-1509-F3-53

**Crone, Judge.**

# Case Summary

Tyreoun D. Guy appeals his probation revocation, challenging the sufficiency of the evidence to support the trial court's finding of a probation violation as well as the court's choice of sanction. Finding the evidence sufficient and concluding that the court acted within its discretion in executing a portion of Guy's previously suspended sentence, we affirm.

# Facts and Procedural History

The evidence most favorable to the judgment is as follows. In 2016, Guy pled guilty by open plea agreement to level 3 felony armed robbery and level 5 felony corrupt business influence. The trial court sentenced him to seven years suspended, with three years' probation, plus a consecutive one and a half-year executed term for corrupt business influence. One of the conditions of Guy's probation was that he maintain good behavior.

On March 13, 2018, Guy attended the court hearing of a fellow inmate. As a member of the gallery, he was warned that there could be no communication between the gallery and the inmates. Notwithstanding, he stood up and started gesticulating and talking in a loud voice to one of the inmates. As a result, bailiff Robert Rinearson ordered him to leave the courtroom. On his way out, Guy slammed his hands against the two sets of doors, causing them to crash back against the wall. Rinearson followed, ordering him to stay out of the courtroom and to leave the building. Guy argued with Rinearson and then turned and attempted to walk around him. Guy took steps toward the

courtroom and said that he was not leaving. Rinearson told him that he was under arrest and attempted to handcuff him. Guy disregarded the order to put his hands behind his back and instead kept his hands in front of his body. An officer on duty in the lobby assisted, and the two were unsuccessful in gaining Guy's compliance. Another bailiff on duty in the courtroom came to the lobby to assist, and Guy eventually was handcuffed and placed under arrest. The State charged him with class A misdemeanor resisting law enforcement, class A misdemeanor criminal trespass, and class B misdemeanor disorderly conduct.

[4] The following day, the State filed a verified petition to revoke Guy's probation, citing as a violation his failure to maintain good behavior, namely, by committing resisting law enforcement, criminal trespass, and disorderly conduct. The court found probable cause and ordered Guy detained without bond. The court conducted a contested hearing and found that Guy had violated the conditions of his probation. The court revoked Guy's probation and committed him to the Department of Correction ("DOC") for four years of his previously suspended seven-year term. Guy now appeals.

## Discussion and Decision

[5] Guy contends that the trial court erred in revoking his probation. Probation is a matter of grace left to the trial court's sound discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the probationer violates those conditions. *Id.* Probation revocation is a two-step process, wherein the trial court first makes a factual determination

as to whether the probationer violated the terms of his probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Then, if a violation is found, the court determines whether the violation warrants revocation. *Id*.

## Section 1 – The evidence is sufficient to support a finding that Guy violated his probation.

Guy first submits that the evidence is insufficient to support the trial court's determination that he violated his probation. Because a probation revocation proceeding is civil in nature, the State need only prove the alleged probation violation by a preponderance of the evidence. *Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010). On review, we neither reweigh evidence nor reassess witness credibility; rather, we consider the evidence and reasonable inferences most favorable to the judgment. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2017). Proof of a single violation is sufficient to permit a trial court to revoke probation. *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*.

Here, the State alleged that Guy violated the good behavior condition of his probation by committing new criminal offenses, i.e., class A misdemeanor resisting law enforcement, class A misdemeanor criminal trespass, and class B misdemeanor disorderly conduct. Indiana Code Section 35-44.1-3-1(a)(1) defines resisting law enforcement to include circumstances in which "[a] person … knowingly or intentionally … forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties[.]" Indiana Code

Section 35-43-2-2(b)(2) defines criminal trespass to include circumstances in which "[a] person … not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent[.]" Indiana Code Section 35-45-1-3(a) defines disorderly conduct to include circumstances in which a person "recklessly, knowingly, or intentionally … (2) makes unreasonable noise and continues to do so after being asked to stop; or (3) disrupts a lawful assembly of persons[.]"

[8]     In claiming that the State failed to present sufficient evidence that he committed new offenses, Guy cites his subsequent acquittal on the charges of resisting law enforcement and disorderly conduct.[1]  However, even a prior acquittal of a criminal offense that formed the basis for a probation revocation petition does not preclude a subsequent finding of a probation violation for that same offense. *Knecht v. State*, 85 N.E.3d 829, 836 (Ind. Ct. App. 2017).  In other words, in the context of probation revocation, the State need not establish that the defendant was actually *convicted* of the new offense.  *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007).  However,

> [w]hen a probationer is accused of committing a criminal offense, an arrest alone does not warrant the revocation of probation. Likewise, the mere filing of a criminal charge against a defendant

---

[1]  Guy also points to the fact that he has appealed his conviction for criminal trespass and that this appeal is currently pending in this Court.  However, we remind him that due to the differing burdens of proof in criminal versus probation revocation cases, the outcome of his direct appeal in that cause has no bearing on our decision.

does not warrant the revocation of probation. Instead, when the State alleges that the defendant violated probation by committing a new criminal offense, the State is required to prove—by a preponderance of the evidence—that the defendant committed the offense.

*Jackson*, 6 N.E.3d at 1042 (citations and quotation marks omitted).

[9] In its revocation petition, the State alleged that Guy had violated the good behavior condition of his probation by committing resisting law enforcement, criminal trespass, and disorderly conduct based on the March 13, 2018 incident at the courthouse. At the outset of the hearing on the State's petition, the trial court took judicial notice of the pending criminal charges filed against Guy for these offenses. Tr. Vol. 1 at 7. The signed and notarized probable cause affidavit, introduced as Defendant's Exhibit A, formed a sufficient basis for finding probable cause that Guy committed criminal offenses. *See Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006) (finding that signed and notarized probable cause affidavit alone was sufficient to permit court to find that probationer "violated a criminal law."). The probable cause affidavit reads in relevant part,

> The affiant [Rinearson] told the defendant to leave the court room, due to communicating with inmates. The affiant followed the defendant out of the court room, and the defendant slammed the doors while exiting the court room, interrupting court proceedings. The affiant told the defendant to leave the court house and the defendant refused to leave the building. He was informed he was under arrest and resisted being taken into custody by pulling away and not allowing officers to place him in handcuffs.

Defendant's Ex. A.

[10] Notwithstanding the fact that probable cause affidavits have been held sufficient to support a probation revocation court's finding of probable cause, the trial court heard testimony from the officers and bailiffs involved in the March 13, 2018 incident, as well as testimony from Guy. In finding by a preponderance of evidence that Guy had violated the terms of his probation, the trial court emphasized Guy's admission that he heard the warning not to communicate with the inmates and the bailiffs' testimony that he nevertheless disregarded the warning and disrupted court proceedings both by standing up and speaking to an inmate and by slamming the doors as he exited, all of which amounted to disorderly conduct. Guy's claim that he merely gesticulated and never stood up and yelled at the inmate is an invitation to reassess witness credibility, which we may not do. With respect to criminal trespass, the court emphasized Guy's noncompliance with Rinearson's orders to stay away from the courtroom and to leave the building, as evidenced by the officers' testimony that Guy attempted to get around Rinearson and walk back toward the courtroom. The court explicitly rejected Guy's claim that as a member of the public, he had a right to be in the courthouse and therefore could not have committed trespass. *See* Tr. Vol. 1 at 58 ("yes, it's a public building, but there are restrictions on what you can and cannot do in that building"). As for resisting arrest, the court emphasized Guy's noncompliance with Rinearson's orders to put his hands behind his back and the fact that it took assistance from additional officers to finally gain Guy's compliance. *Id.* The court was unpersuaded by Guy's

argument that the bailiffs lacked the authority/credentials to act as law enforcement officers. *See id*. at 57 ("I assure you that those bailiffs have every right to ask the individuals to leave the courtroom as well as leave that courthouse."). Based on the foregoing, we conclude that the evidence and inferences are sufficient to support the trial court's finding that Guy violated the good behavior condition of his probation.

## Section 2 – The trial court acted within its discretion in executing a portion of Guy's remaining sentence.

[11] Guy also cites as error the trial court's decision to remand him to the DOC for a portion of his previously suspended sentence. The trial court's sentencing decisions for probation violations are reviewable for an abuse of discretion. *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or where the trial court misinterprets the law. *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014). In determining whether a trial court has abused its discretion, we neither reweigh evidence nor judge witness credibility. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2014). Instead, we consider conflicting evidence in the light most favorable to the trial court's ruling. *Id*.

[12] Having concluded that Guy committed a probation violation, the trial court could impose one or more of the following sanctions: (1) continue Guy's probation, with or without modifying or enlarging the conditions; (2) extend his probationary period for not more than one year beyond the original

probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).

[13] Here, the trial court chose option three and ordered the execution of four years of Guy's previously suspended seven-year sentence. Guy asserts, without citation to authority, that the court should have meted out punishment that was "measured," "proportional," and "more appropriate in light of his successful time on probation … and the lack of seriousness of the alleged bad behavior." Appellant's Br. at 14. Thus, he suggests that one year executed is more commensurate with the alleged misdemeanor behavior that formed the basis of his probation violation. To the extent that he frames this argument in terms of appropriateness based on the seriousness of the offenses, we remind him that an Indiana Appellate Rule 7(B) analysis is not the correct standard to apply when reviewing a sentence imposed for defendants who violate probation. *Prewitt*, 878 N.E.2d at 187-88. We also remind him that his having received probation instead of incarceration for a level 3 felony armed robbery conviction was a demonstration of grace and not a matter of right. We find no abuse of discretion in the trial court's execution of four years of Guy's sentence. Accordingly, we affirm.

[14] Affirmed.

Najam, J., and Pyle, J., concur.